[No 20122.   In Bank. — March 24, 1886.]

IN THE MATTER OF THE APPLICATION OF HANG KIE, ON HABEAS CORPUS.

LAUNDRIES—MUNICIPALITY MAY RESTRICT PLACES OF BUSINESS — CONSTITUTIONAL LAW. — The city of Modesto has authority, under section 11 of article 11, of the constitution, to pass an ordinance prohibiting the carrying on of a public laundry or wash-house within the city limits, except within certain prescribed boundaries. Such an ordinance is not unreasonable, nor in violation of article 1, sections 11 and 21, of the constitution because not uniform in its operation.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*S. W. Geis*, for petitioner.

The occupation of the petitioner is, in itself, an ordinary, useful, and necessary employment, and the unreasonable prohibition thereof deprives him of his right to

acquire, possess, and protect property, and to pursue and obtain happiness, and is in conflict with the fourteenth amendment of the United States constitution, and of section 1, article 1, of the state constitution. The ordinance is void because not of uniform operation. (Const., art. 1, secs. 11, 21.)

*Shell & Bond,* and *Alfred Clarke,* for Respondent.

Under section 11, article 11, of the constitution, the municipality, in exercising the police power conferred upon it, had authority to exclude the business of carrying on laundries from certain portions of the city. (*In re Stuart,* 61 Cal. 374; *In re Moynier,* 65 Cal. 33; *In re Wolters,* 65 Cal. 269; *In re Mount,* 66 Cal. 448; *Barbier* v. *Connolly,* 113 U. S. 27; *Soon Hing* v. *Crowley,* 113 U. S. 703; *In re Yick Wo,* 68 Cal. 294; *In re Li Protti,* 68 Cal. 635.)

MORRISON, C. J.—Petitioner complains that he is unlawfully restrained of his liberty, because the ordinance under which he was arrested and imprisoned is unlawful and void.

On the second day of July, 1885, the board of trustees of the city of Modesto passed an ordinance in the following language:—

"It shall be unlawful for any person to establish, maintain, or carry on the business of a public laundry or wash-house where articles are washed and cleansed for hire, within the city of Modesto, except within that part of the city which lies west of the railroad track and south of G Street."

A section of the ordinance further declares that any laundry carried on in violation of the foregoing section is a nuisance, and by section third a violation of the ordinance is declared a misdemeanor, punishable by fine and imprisonment, or both.

The defendant was charged with a violation of the

ordinance, and is now suffering by imprisonment the penalty thereof, from which he seeks to be relieved on this application under the *habeas corpus* act.

The only question submitted for our consideration involves the legality of the ordinance in question, or in other words, the power of the board of trustees of the city of Modesto to pass it.

The objections to the ordinance are two:—

1. That it is *unreasonable*, the rule being, that when a power to pass an ordinance is not given in *express terms*, but is derived from a general power to legislate, the ordinance must be reasonable. (*Ex parte Chin Yan*, 60 Cal. 78.)

2. That it violates the state constitution, article 1, sections 11 and 21, inasmuch as it is not uniform.

Both of these objections seem to be answered by *Ex parte Moynier*, referred to hereafter.

It is claimed, in answer to the prayer of the petitioner for a discharge, that the power exercised by the board of trustees was duly vested in that body, not only under the act approved March 13, 1883, but also under the provisions of the state constitution. We will confine ourselves to a consideration of the powers vested in the municipal corporation by the constitution, as that will be sufficient for the present case.

By section 11 of article 11 of the constitution it is provided, "that any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

In the case of *Ex parte Moynier*, 65 Cal. 33, this court had under consideration an ordinance· very similar in its provisions to the one now under consideration, and held that the power exercised by the board of supervisors of the city and county of San Francisco, fixing certain limits in the city for the carrying on of the laundry business, was properly exercised under the section of the

constitution above referred to. The opinion in that case says: "That the regulations of the order are, as to portions (perhaps all), police regulations, and as to some sanitary, we have no doubt."

And in the case of *Barbier* v. *Connolly,* 113 U. S. 27, the Supreme Court of the United States in a laundry case says: "The fourth section, so far as it is involved in the case before the police judge, was simply a prohibition to carry on the washing and ironing of clothes in public laundries and wash-houses, within certain prescribed limits of the city and county, from 10 o'clock at night until 6 o'clock in the morning of the following day. . . . . The provision is purely a police regulation, within the competency of any municipality possessed of the ordinary powers belonging to such bodies." The case of *Soon Hing* v. *Crowley,* 113 U. S. 703, which was also of the same character, lays down the same doctrine. Other cases might be referred to, but a decision of the Supreme Court of this state and two of the Supreme Court of the United States, holding such an ordinance to be a police or sanitary regulation, are deemed sufficient. We can see nothing unreasonable in the ordinance, but on the contrary good reasons may have moved the board of trustees to pass the order in question.

Writ dismissed and petitioner remanded.

MYRICK, J., SHARPSTEIN, J., THORNTON, J., and ROSS, J., concurred.