## In re SAM KEE, on *Habeas Corpus*.

*(Circuit Court, N. D. California. May 2, 1887.)*

LAUNDRY ORDINANCE—CONSTITUTIONALITY.

    A city ordinance, which makes it an offense to keep a laundry, wherein clothes are cleansed for hire, within the limits of the larger part of a city, without regard to the character of the structure or the appliances used for the purpose, or the manner in which the occupation is carried on, is unconstitutional on various grounds, and void.[1]

*(Syllabus by the Court.)*

*T. D. Riordan*, for petitioner.

*O. R. Coghlan*, for respondent.

SAWYER, J. The petitioner is imprisoned in pursuance of a judgment of a justice of the peace of Napa county, for a "misdemeanor by maintaining and carrying on a public laundry, where articles are washed and cleansed for hire, at a house situated on Main street, between First and Pearl streets, in the city of Napa, contrary to ordinance 146 of said city of Napa, prohibiting the establishment, carrying on, or maintaining of public laundries or wash-houses in certain limits."

[1] See note at end of case.

The provisions of the ordinance under which the conviction was had are as follows:

"Section 1. It shall be unlawful for any person or persons to establish, maintain, or carry on the business of a public laundry or wash-house, where articles are cleansed for hire, within the following prescribed limits in the city of Napa: Commencing at the south-easterly corner," etc.

Giving at length bounds, including the larger part of the city.

"Sec. 2. Any public laundry or wash-house, established, maintained, or carried on in violation of this ordinance, is hereby declared to be a nuisance.

"Sec. 3. Any person violating any provision of this ordinance shall, upon conviction thereof, before any court having jurisdiction to try the offense, be punished by a fine not exceeding one hundred dollars, and an alternate judgment may be given requiring such person to be imprisoned until said fine is paid, not to exceed one day for each dollar of the fine."

The case clearly falls within the decision of this court in *Re Tie Loy*, arising under a similar ordinance of the city of Stockton, (26 Fed. Rep. 611,) and within the principles authoritatively established by the supreme court of the United States in *Yick Wo v. Hopkins*, 118 U. S. 356, 6 Sup. Ct. Rep. 1064.

The laundry business has been carried on by the petitioner and his predecessors, at the location occupied by him, for 20 years, and by the petitioner himself 8 years. There is nothing tending in the slightest degree to show that this laundry is, in fact, a nuisance, and the uncontradicted allegations of the petition are that it is not. So far as appears, it is only made a nuisance by the arbitrary declaration of the ordinance; and it is beyond the power of the common council, by its simple fiat to make that a nuisance which is not so in fact. *Yates v. Milwaukee*, 10 Wall. 505. To make an occupation, indispensable to the health and comfort of civilized man, and the use of the property necessary to carry it on, a nuisance, by a mere arbitrary declaration in a city ordinance, and suppress it as such, is simply to confiscate the property, and deprive its owner of it without due process of law. It also abridges the liberty of the owner to select his own occupation and his own methods in the pursuit of happiness, and thereby prevents him from enjoying his rights, privileges, and immunities, and deprives him of equal protection of the laws secured to every person by the constitution of the United States.

On the authority of the cases cited, without repeating the arguments so elaborately presented therein, the ordinance is held to be void, as being in contravention of the constitution of the United States. The prisoner is entitled to be discharged. Let him be discharged.

NOTE.

CONSTITUTIONAL LAW — LAUNDRY ORDINANCES. The ordinances of the city of San Francisco giving the board of supervisors authority, in their discretion, to refuse permission to carry on laundries, except where located in buildings of brick or stone, are unconstitutional. Yick Wo v. Hopkins, 6 Sup. Ct. Rep. 1064, reversing 9 Pac. Rep. 139. See, also, In re Hong Kie, (Cal.) 10 Pac. Rep. 327. So is one which provides that such permission shall be granted only upon the recommendation of not less than 12 citizens and tax-payers in the block in which the laundry is proposed to be established, In re Quong Woo, 13 Fed. Rep. 229; and one which makes it an offense for any person to

carry on a laundry where clothes are washed for pay, within the habitable portion of the city. Stockton Laundry Case, 26 Fed. Rep. 611.

The legislature has no power to declare, or to authorize the municipal authorities to declare, private residences to be nuisances, because the same has a tendency to depreciate in value the property of persons near by, or to obstruct the view of the same, or to keep the breeze therefrom. Quintin v. City of Bay St. Louis, (Miss.) 1 South. Rep. 625. Licenses for callings, trades, and employments may be required by supervisors where the nature of the business requires special knowledge or qualifications, or where they are issued as a means of raising revenue for municipal purposes; they cannot be required as a means of prohibiting any of the avocations of life which are not injurious to public morals, offensive to the senses, nor dangerous to public health and safety. In re Quong Woo, 13 Fed. Rep. 229. But an ordinance prohibiting the washing and ironing of clothes between certain hours of the night is one within the rightful exercise of the police powers. Soon Hing v. Crowley, 5 Sup. Ct. Rep. 730; Barbier v. Connolly, Id. 357.