## In re HONG WAH.

(District Court, N. D. California. September 7, 1897.)

### No. 11,360.

1. CONSTITUTIONAL LAW—NUISANCES—LAUNDRIES—CITY ORDINANCES.
   A city ordinance provided that it should be unlawful for any person to establish, maintain, or carry on the business of a public laundry, where articles are washed and cleansed for hire, within the city, except in certain designated localities, and declared any such laundry established or carried on in violation of this provision a public nuisance, and the violation of the ordinance a misdemeanor punishable by fine or imprisonment. *Held*, that the ordinance was in contravention of the fourteenth amendment of the constitution of the United States.

2. SAME—RIGHT TO USE ONE'S PROPERTY.
   The ownership of property, no matter where located, carries with it the right to use, and to permit the use of, such property in the prosecution of any legitimate business which is not a nuisance in itself; and the exclusion of any such lawful business from a particular locality can only be justified upon the ground that the health, safety, or comfort of the surrounding community requires such exclusion.

3. NUISANCES—LAUNDRIES.
   A public laundry is not a nuisance per se, and cannot be made so by the legislative declaration of a city council.

Hearing on Return to a Writ of Habeas Corpus.

Thos. D. Riordan, for petitioner.

Chas. N. Kirkbride, for respondent.

DE HAVEN, District Judge. This is a proceeding upon a writ of habeas corpus issued in behalf of one Hong Wah. The return to the writ shows that the said Hong Wah is imprisoned by the sheriff of the county of San Mateo in execution of a judgment of the recorder of the city of San Mateo convicting the said Hong Wah of the violation of section 1 of a certain ordinance of that city, by which it is made "unlawful for any person to establish, maintain or carry on the business of a public laundry or wash-house where articles are washed and cleansed for hire within the city of San Mateo," except within the part of said city which lies without certain designated limits. By section 2 of the ordinance, "any public laundry or wash-house, established, maintained or carried on in violation" of the preceding section of the ordinance, is declared to be a public nuisance; and by section 3 the violation of the ordinance is declared to be a misdemeanor punishable by a fine not exceeding $300, or by imprisonment not exceeding three months, or by both such fine and imprisonment. The petition, in addition to some matters which I do not deem material, alleges that the ordinance, if enforced, will deprive the said Hong Wah of his property and the good will of his business, and will operate as a direct prohibition of his pursuit of such business upon the premises occupied by him as a public laundry, and that such ordinance is in conflict with the constitution of the United States. Upon the other hand, it is alleged in the return to the writ "that said ordinance was passed and adopted by said board of trustees of said city of San Mateo as a reasonable police and sanitary regulation of said city"; and in this connection the return further avers that the city of San Mateo includes within its exterior boundaries about 1,000 acres of land, and that the district from which the business of conducting a public laundry is excluded by said ordinance comprises about 300 acres of land, and that there is no law of the state or ordinance of the city of San Mateo which makes it unlawful to conduct a public laundry upon any part of the remaining 700 acres lying within the limits of that city, and all of which land is alleged to be "available" for that purpose.

It is manifest from the foregoing statement that there is presented for decision the question of the constitutionality of the ordinance under which the respondent seeks to justify the imprisonment of the said Hong Wah; and that such an ordinance is in contravention of the fourteenth amendment to the constitution of the United States was decided by the circuit court for the district of California in the Stockton Laundry Case, 26 Fed. 611, in which case it was distinctly held that a public laundry is not a nuisance per se, and cannot be made so by the legislative declaration of a city council, and that, therefore, an ordinance which prohibited the maintenance of a public laundry within the inhabited and inhabitable portions of the city of Stockton could not be sustained as a police regulation. The rule of

law as thus declared was reaffirmed in Re Sam Kee, 31 Fed. 681, in which case, in speaking of an ordinance in all respects similar to the one under consideration here, it was said by Judge Sawyer:

"To make an occupation indispensable to the health and comfort of civilized man, and the use of the property necessary to carry it on, a nuisance, by a mere arbitrary declaration in a city ordinance, and suppress it as such, is simply to confiscate the property and deprive its owner of it without due process of law. It also abridges the liberty of the owner to select his own occupation and his own methods in the pursuit of happiness, and thereby prevents him from enjoying his rights, privileges, and immunities, and deprives him of the equal protection of the laws secured to every person by the constitution of the United States."

With the views thus expressed I entirely agree, and the decision of the court in this proceeding might well rest upon the authority of the cases above cited; but in Re Hang Kie, 69 Cal. 149, 10 Pac. 327, a different conclusion was reached,—the court in that case holding that an ordinance of the city of Modesto which prohibited the carrying on of any public laundry in that city, except within certain prescribed boundaries, was a valid exercise of the police power of the state. The respondent insists that this court ought, in deference to this decision of the highest court of the state upon the precise question involved here, deny the prayer of the petitioner herein; and it thus becomes proper for me to state more fully the fundamental principles which, in my judgment, are controlling in the present case. The opinion in the case just referred to undoubtedly supports the contention of respondent that the ordinance of the city of San Mateo now under discussion is valid; but that case has been virtually, although not expressly, overruled by the supreme court of the state of California, and I do not think would now be regarded as authority in that court. In Ex parte Whitwell, 98 Cal. 73, 32 Pac. 870, the provision of an ordinance which prohibited the maintenance of a private asylum for the treatment of inebriates and persons suffering from mild forms of insanity within 400 yards of any dwelling or school was held to be invalid. In passing upon that particular provision of the ordinance the court said:

"A law or ordinance, the effect of which is to deny to the owner of property the right to conduct thereon a lawful business, is invalid unless the business to which it relates is of such a noxious or offensive character that the health, safety, or comfort of the surrounding community requires its exclusion from that particular locality; and an asylum for the treatment of mild forms of insanity is not properly classed as such. If rightly conducted, such asylum would not render the occupation of dwellings or schools in its neighborhood uncomfortable to such a degree that its maintenance would be deemed a nuisance, or any impairment of the substantial rights of occupants of such dwellings or schools."

It will be observed that in the case just cited the decision of the court rests upon the broad proposition that the ownership of property, no matter where located, carries with it the right to use, and to permit the use of, such property in the prosecution of any legitimate business which is not a nuisance in itself, and that the exclusion of any such useful business from a particular locality can only be justified upon the ground that the health, safety, or comfort of the surrounding community requires such exclusion. A moment's reflec-

tion will show that any rule less broad would fail to give full effect to this comprehensive declaration of the fourteenth amendment to the constitution of the United States:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law."

The right to use property in the prosecution of any business which is not dangerous to others, nor injurious nor offensive to persons within its vicinity, is one of the legal attributes of the ownership of property, of which the owner cannot be deprived by the arbitrary declaration of any law of the state, or municipal ordinance; nor can the right of any person to engage in any useful occupation, not a nuisance per se, at such place as he may choose for that purpose, be denied by any law or ordinance. These are the fundamental principles underlying the decision in Ex parte Whitwell, before referred to, and the rule of law as thus declared is entirely inconsistent with the previous case of In re Hang Kie, 69 Cal. 149, 10 Pac. 327, unless the business of conducting a public laundry is to be deemed and treated as a nuisance per se; and that such business cannot be so regarded was not only decided in the cases first cited in this opinion, but also by the supreme court of California in Ex parte Sing Lee. 96 Cal. 354, 31 Pac. 245. It is certainly a matter of common observation that a public laundry is harmless in itself, and, if properly conducted with reference to sanitary and other conditions which may easily be complied with, not offensive or dangerous to the health of the community in which it may be located; and, this being so, a person has, under the constitution of the United States, the same right to engage in the business of conducting a public laundry as in any other, and has, equally with the grocer, the lawyer, or carpenter, the right to select the particular locality in which he shall conduct such business. The ordinance in question denies this right, and is for that reason in conflict with section 1 of the fourteenth amendment to the constitution of the United States; and the conflict is not removed by the fact, alleged in the return, that there are within the limits of the city of San Mateo, outside of the district from which laundries are excluded, places equally as well suited for their location as any within the district from which they are excluded. As already stated, a person desiring to carry on such a business has the right to select his own location, and cannot be required to go elsewhere. It follows from these views that the prayer of the petition must be granted, and the said Hong Wah discharged from his imprisonment. The respondent, however, will be allowed, if he desires, an appeal from this judgment, in which event the said Hong Wah will be required to give a bond in such sum as may be fixed by the court, with sufficient sureties, for his appearance to answer the judgment of the appellate court.