CAUSEY JARRETT v. HIGH POINT TRUNK AND BAG
COMPANY.

(Filed 9 April, 1907).

1. **Jury—Verdict—Set Aside Upon One Issue—Appeal—Premature—**
   **Deciding Case Upon Request—No Precedent.**—Upon excepting
   to and appealing from the order of the Court below, setting aside
   the verdict of the jury upon one issue and awarding a new trial
   upon that alone, no judgment signed, the appeal is premature;
   but, in this case, both parties having requested the Supreme
   Court to consider the cause, an opinion was given without per-
   mitting it to become a precedent.

2. **Judge's Charge—One Phase—Error—Contentions of Each Party.**
   As a general rule, a party without a proper prayer for special
   instruction cannot sustain an exception to the omission of the
   Judge below to charge the jury in a particular way; when the
   Judge assumes to charge, and correctly charges the law upon
   one phase of the evidence, the charge is incomplete unless em-
   bracing the law as applicable to the respective contentions of
   each party, and such is, in itself, reversible error.

3. **Issues—New Trial on One Issue—Caution to Superior Court**
   **Judges.**—The Judges of the Superior Court are cautioned that,
   in awarding a new trial upon one issue alone, it should clearly
   appear that the matter involved is entirely distinct and separa-
   ble from the matters involved in the other issues, can be had
   without danger of complication, and that no possible injustice
   can be done either party.

ACTION to recover for personal injuries, alleged to have
been caused by negligence of defendant, tried before *Justice,
J.,* at January Term, 1907, GUILFORD Superior Court.

The Court submitted these issues:

1. Was the plaintiff injured by the negligence of the de-
fendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to
the injury complained of, as alleged in the answer? An-
swer: No.

3. What damage, if any, is the plaintiff entitled to re-
cover? Answer: $1,600.

Upon the rendition of the verdict, upon motion of plaintiff, the Court set aside the verdict on the third issue and awarded a new trial as to that issue only. The defendant excepted to such order, as well as to numerous rulings on the first and second issues, and appealed to this Court.

*E. J. Justice, W. P. Bynum, Jr.,* and *G. S. Ferguson, Jr.,* for plaintiff.

*King & Kimball* for defendant.

BROWN, J. No final judgment having been rendered in this case, we might well dismiss the appeal as premature, but in our discretion, and at the solicitation of both parties, we have thought best to consider the cause, but without permitting it to become an established precedent.

1. It appears from the evidence that at the time of the injury the plaintiff was about fourteen years of age and employed by the defendant in connection with its manufactory at High Point, N. C. On 21 September, 1904, the plaintiff contends that he was directed to work at a ripsaw, without any previous instruction or experience, and that in repairing a belt of a pulley his arm was caught in the machinery and he was seriously injured. Upon the second issue the Court instructed the jury: "If you find that the plaintiff was commanded by the defendant to do what he was doing at the time he was hurt, and showed no greater lack of caution, prudence, foresight and realization of his danger than an ordinary boy of his age would ordinarily show under like circumstances, but acted with the degree of caution that boys of his age ordinarily show under such circumstances, then he would not be guilty of contributory negligence; then you will answer the second issue 'No.'" The defendant contends that his Honor erred in failing to state in behalf of the defendant the converse of that proposition, to-wit: That even if the plain-

tiff were ordered by the defendant to go into the basement to participate in the lacing of a belt, nevertheless, if on account of the failure to exercise that degree of care and prudence ordinarily exercised under similar circumstances by one of his years and discretion, and if on account of this failure on the part of the plaintiff he exposed himself in an unguarded moment to contact with the revolving machinery, and such failure resulted proximately in contributing to bringing about his injury, that then the jury should answer the second issue "Yes." We think the exception to the charge for such omission is well taken. Having told the jury how the law required them to answer the second issue upon a given state of facts, if found for plaintiff, the Judge should have also instructed them, without any prayer for instruction, how to answer such issue if they should find such facts to be as contended by the defendant. We assume this was an inadvertence on the part of the able and careful Judge who tried the cause, but that it is an error has been repeatedly held by this Court. Although it be not error generally to refrain from giving instructions unless asked to do so, yet care must be taken when the Judge thinks proper to instruct the jury upon a phase of the evidence and to expound the law in relation thereto, not only to state it correctly, but to state the law as applicable to the respective contentions of each party upon such phase of the evidence. *State v. Austin,* 79 N. C., 626; *Burton v. Railroad,* 84 N. C., 197; *Bynum v. Bynum,* 33 N. C., 636; *State v. Wolf,* 122 N. C., 1081. Having undertaken to tell the jury how they should answer that issue if they found such facts according to plaintiff's contention, it was manifestly incumbent upon the Court to state the defendant's contentions in respect to such phase of the evidence and to instruct the jury how to answer the issue, should they sustain such contention. It is unnecessary to consider the other exceptions, as we award a new trial upon all the issues.

The defendant excepted to the ruling of his Honor in directing, at the instance of the plaintiff, that a new trial be had on the third issue, as to damages. It must be confessed that the defendant has advanced some very strong reasons tending to show that such practice upon the part of the Superior Court Judges is calculated sometimes, especially in this class of cases, to work great injustice to one and sometimes to both parties, and the defendant has earnestly contended that such practice should not be allowed, and that we should not follow *Benton v. Collins,* 125 N. C., 83, and similar cases, so far as they authorize such practice in the Superior Courts. As we have awarded a new trial generally, it is not necessary now to determine that question, and we will leave it open for future consideration, should it be presented again. We will, however, caution the Judges of the Superior Courts in respect to such practice, and invite their attention to what is said in *Benton v. Collins,* at page 91: "Before such partial new trials, however, are granted, it should clearly appear that the matter involved is entirely distinct and separable from the matters involved in the other issues, and that the new trial can be had without danger of complications with other matters"; and we will add, that before such partial new trial is ordered it should clearly appear that no possible injustice can be done to either party. In cases of this character we do not know that the practice is generally to be commended. In the case at bar an examination of all the evidence relating to the injury and its cause and the conduct of the plaintiff, as well as of defendant's agents, might show that it is so interwoven with that relating to damage that to fairly ascertain what is a just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one Judge and one jury instead of "splitting it up" between different Judges and different juries.

New Trial.