[No. 33987. Department One. September 12, 1957.]

EDWARD L. GREENWOOD *et al.*, *Respondents*, v. THE OLYMPIC, INCORPORATED, *Appellant.*[1]

[1]Reported in 315 P. (2d) 295.

*Elliott, Lee, Carney & Thomas*, for appellant.

*Kennett, McCutcheon & Soderland*, for respondents.

HILL, C. J.—This is an appeal from an order granting a new trial, limited to the issue of damages in an action for personal injuries.

Ruth Greenwood was injured in a fall while walking down a stairway in the Olympic Hotel, operated by defendant, The Olympic, Incorporated. She and her husband sued for $25,702, and the jury returned a verdict in their favor for $2,702. Plaintiffs had submitted proof of special damages for medical and hospital care in the sum of $702, and this left the sum of $2,000 for general damages.

The defendant moved for a judgment n.o.v., contending that the plaintiffs had established neither nuisance nor negligence, which were the two grounds on which recovery had been sought. The plaintiffs asked for a new trial. The trial court granted a new trial, limited to the issue of damages only. The defendant appeals.

We shall hereafter refer to Ruth Greenwood as though she were the only plaintiff and respondent. Our disposition of the case makes it necessary for us to consider five issues.

1. Did respondent establish a case for the jury on the theory of nuisance?

The claim of nuisance is based on certain provisions of the Seattle building code (ordinance 72200, effective November 1, 1942). By § 606 of that code, it was provided that all stairways (with certain exceptions)

". . . eighty-eight (88) inches or more in width shall be provided with one (1) or more continuous intermediate handrails substantially supported, and the number and position of intermediate handrails shall be such that there are not more than sixty-six (66) inches between adjacent handrails. . . ."

By § 1097, it was provided that any failure to conform to the building code "shall be deemed . . . a nuisance." The stairway on which the plaintiff fell was in excess of ninety-four inches in width.

The trial court instructed that the failure to have an intermediate handrail constituted an absolute nuisance, and that, if the failure to have such an intermediate handrail was a proximate cause of the respondent's injuries, she was entitled to recover, and that her own negligence under such circumstances was immaterial and might be disregarded.

■ The requirement of an intermediate handrail, on stairways eighty-eight inches or more in width, was not in the Seattle building code in 1923 when the Olympic Hotel was built. There is no suggestion that these stairs constituted a nuisance at that time, or that anybody had voiced any objection to them in the intervening years. If they became a nuisance, it was because the city council of Seattle, by ordinance No. 72200 (the 1942 building code) declared them so to be. A municipal ordinance may not make a thing a nuisance, unless it is in fact a nuisance. *Monzolino v. Grossman* (1933), 111 N. J. L. 325, 168 Atl. 673; *Oklahoma City v. Dolese* (1931), 48 F. (2d) 734; *In re Sam Kee* (1887), 31 Fed. 680; *Yates v. Milwaukee* (1870), 77 U. S. 497, 19 L. Ed. 984; 6 McQuillin Municipal Corporations (3rd ed.) 586, § 24.66.

■ We recognize that what was generally accepted as proper at one period may be a nuisance at some later time, but we are not here concerned with such a situation. Common sense and common experience indicate that a failure to have intermediate handrails on stairs which had been in constant use by the public for almost thirty years, did not constitute a public nuisance, the 1942 Seattle city ordinance to the contrary notwithstanding.

The case of *Fay v. Allied Stores Corp.* (1953), 43 Wn. (2d) 512, 262 P. (2d) 189, is of no assistance to the respondent as a support to her theory of nuisance. While it had to do with a violation of the same section of the Seattle building code, requiring intermediate handrails, it was tried on the theory of negligence, and nuisance is not even suggested.

■ The respondent argues that the appellant took no exception to the instructions on nuisance. Unlike cases which declare an instruction unexcepted to, or not assigned as error, to be the law of the case[2], we have here a situation

[2]See for example: *Noland v. Department of Labor & Industries* (1953), 43 Wn. (2d) 588, 262 P. (2d) 765; *Irvin v. Spear* (1952), 41 Wn. (2d) 224, 248 P. (2d) 404; *Peters v. Dulien Steel Products* (1952), 39 Wn. (2d) 889, 239 P. (2d) 1055; *State v. Severns* (1942), 13 Wn. (2d) 542, 125 P. (2d) 659.

where the contention is not that the instructions do not state the law, but that there should have been no instructions, because the case should not have gone to the jury. A failure to except to instructions on a theory which there was no evidence to support and which should not have been submitted to the jury, does not preclude a litigant who has called the insufficiency of the evidence to the trial court's attention by appropriate motions, from contending on a motion for judgment n.o.v., and in this court, that the case should not have gone to the jury.

■ We agree with the appellant that the theory of nuisance was without any support in the evidence.

2. Did the respondent establish a case for the jury on the theory of negligence?

■■ The evidence of negligence, to use the trial court's phraseology, is "tenuous," but sufficient to take that issue to the jury. We believe the jury was properly instructed, that if it found that the defendant:

"1. Maintained in said stairway, a stair tread and/or landing, the surface of which was such as to involve undue danger of slipping; and

"2. Failed to maintain an adequate system of lighting along the said stairway and the landing at the top thereof;
. . ."

and that such conduct caused the injuries complained of, their verdict must be for the respondent, unless they found that she was contributorily negligent.

Our holding that the issue of negligence was for the jury to determine, and that the issue of nuisance should not have been submitted, leaves us in a quandary.

The logic of the situation is evident. There should be a new trial, because it is impossible to tell whether the jury predicated the appellant's liability on nuisance or negligence. The complicating factor is that the appellant does not ask for a new trial, but asks for a dismissal, insisting that neither nuisance nor negligence should have been submitted to the jury.

We do not, on this phase of the appeal, have to determine whether the appellant should be accorded the relief to which

it was entitled but for which it did not ask. All that we determine at this point is that there was a case for the jury on the theory of negligence.

3. Was instruction No. 21 prejudicially erroneous?

We agree with the trial court that instruction No. 21 was, in all probability, misleading to the jury. That instruction was as follows:

"If you find from the evidence that before this accident the plaintiff wife had a dormant arthritic condition, and further find that because of the fall this condition was aggravated, augmented or made active, so as to cause suffering and disability, then plaintiffs are entitled to recover because of disability or pain proximately due to such aggravation, augmentation or activation, *but are not entitled to recover for any physical ailment or disability which may have existed prior to the fall* or for any from which plaintiff wife may now be suffering which were not caused or contributed to by reason of the fall." (Italics ours.)

Although there was evidence that, in consequence of the respondent's fall, a dormant arthritic condition was activated, causing much pain and discomfort, there was no evidence that she was suffering any disability prior to her fall. Consequently, the statement in the instruction that the plaintiffs "are not entitled to recover for any physical ailment or disability which may have existed prior to the fall," while technically correct and proper in many cases, invited the jury to speculate about prior physical ailments or disability, concerning which there was no testimony. This may have been the reason, as respondent urges, and the trial court agrees, that the amount allowed for general damages was so small.

The trial court was justified in granting a new trial because instruction No. 21 was prejudicially erroneous to the respondent.

4. Should the trial court have limited the new trial to damages only?

The appellant urges that the trial court should not have granted a new trial, but if a new trial was to be granted, it should not be limited to damages.

■■ We have on numerous occasions recognized that a new trial may be, and under proper circumstances should be, limited to the amount of damages only; but our cases have been entirely consistent with the general rule that the right to limit the issues, when ordering a new trial, should be exercised only when "justice does not require the resubmission of the whole case to the jury." *Nelson v. Fairfield* (1952), 40 Wn. (2d) 496, 501, 244 P. (2d) 244.

■ It is generally held that it is only where liability is clearly shown that the issue of damages alone can be tried out without injustice to either party. *Lundblad v. Erickson* (1930), 180 Minn. 185, 230 N. W. 473.

Where the inadequacy of damages is coupled with a very close case on the issue of liability, justice, for obvious reasons, requires a new trial upon the entire case. *Simmons v. Fish* (1912), 210 Mass. 563; 97 N. E. 102, Ann. Cas. 1912D, 588.

Here the trial court concedes that the respondent's case on the theory of negligence is "tenuous," and, as we have seen, erroneously submitted the theory of nuisance as a basis for liability. It seems apparent to us that justice requires that, as said in *Jarrett v. High Point Trunk & Bag Co.* (1907), 144 N. C. 299, 302, 56 S. E. 937,

"What is a just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one Judge and one jury instead of 'splitting it up' between different Judges and different juries."

(See, also, *Bencich v. Market St. R. Co.* (1937), 20 Cal. App. (2d) 518, 67 P. (2d) 398, 404; *Donnatin v. Union Hardware & Metal Co.* (1918), 38 Cal. App. 8, 11, 175 Pac. 26, 27, 177 Pac. 845; *Norfolk Southern R. Co. v. Ferebee* (1915), 238 U. S. 269, 274, 59 L. Ed. 1303, 35 S. Ct. 781, where the same quotation appears.)

5. Rulings under Rule on Appeal 16.

The respondent here requests certain rulings under Rule on Appeal 16, which, as presently amended, provides *inter alia*:

"Without the necessity of taking a cross-appeal, the respondent may present and urge in the supreme court any claimed errors by the trial court in instructions given or refused and other rulings which, if repeated upon a new trial, would constitute error prejudicial to the respondent."

It is urged that instruction No. 22 is prejudicially erroneous, so far as the respondent is concerned, and that the trial court's failure to give her requested instruction No. 10 is likewise prejudicially erroneous.

The gist of the contention is that the instruction given by the trial court contained no reference to mental suffering, and that it did not adequately cover permanent disability.

We find no error in the giving of instruction No. 22. As part of that instruction, which related to damages, the trial court said:

"You should take into consideration the nature, character and extent of plaintiff wife's injury, if any, the pain and suffering, if any, you find she has endured or will in the future endure, together with any permanent disability which you find established by the evidence."

The "pain and suffering," therein referred to, certainly connote both physical and mental suffering, an "Acute discomfort of body or mind, bodily or mental suffering or distress." (See the New Century Dictionary which is quoted approvingly in *Prettyman v. Topkis*, 9 W. W. Harr. (39 Del.) 568, 577, 3 A. (2d) 708, 712).

Nothing further needed to be said about permanent disability than was said in the instruction as given.

It was not error to refuse to give requested instruction No. 10, which was both slanted and argumentative, and contained nothing which had not been adequately covered by instruction No. 22.

DISPOSITION OF THE CASE: The order granting the respondent a new trial is modified by deleting therefrom the words, "limited solely to the matter of damages." Costs will abide the result of the case.

MALLERY, FINLEY, WEAVER, and OTT, JJ., concur.