[No. 35224. Department Two. April 28, 1960.]

R. L. VAUGHAN *et al.*, *Appellants*, v. BARTELL DRUG CO., *Respondent.*[1]

[1]Reported in 351 P. (2d) 925.

*Sullivan & Offenbacker*, for appellants.

*Howe, Davis, Riese & Jones*, for respondent.

Rosellini, J.—The plaintiff Marjorie E. Vaughan was injured when she fell over a box in the defendant's drug store. She brought this action, alleging a breach of duty toward her as a business invitee, and seeking general damages in the amount of $64,555, loss of earnings of $5,805, medical expenses of $941.60, and future medical expenses of $1,505.

The cause was tried to a jury, which found in favor of the plaintiffs, returning a verdict in the sum of $2,943.30, which was exactly the amount of the stipulated medical expenses ($1,438.30) plus the amount of future medical expenses prayed for in the complaint. The plaintiffs have appealed, contending that the jury was confused by one of the court's instructions, which reads:

"If you find from all the evidence that the plaintiffs are entitled to a verdict against the defendant, then in determining the amount of damages to be awarded, if any, you are instructed that plaintiffs may recover only for those injuries and damages actually attributable to Marjorie Vaughan's fall in the defendant's store in September 1957. They may not recover for any injuries or damages resulting from Marjorie Vaughan's automobile accident in May 1956, or for any aggravation thereof, if any."

Objection is made to the last phrase of this instruction; it is plaintiffs' contention that aggravation of pre-ex-

isting injuries was not an issue in the case, since it was not claimed in the complaint and there was no evidence tending to show such aggravation, and that this instruction invited the jury to speculate upon a matter which was not an issue.

We think the objection is well taken. It developed at the trial that Marjorie Vaughan had suffered a previous accident, but her testimony and that of her physician was that she had recovered from it before she fell in the defendant's store. There was no evidence to the contrary, but there was evidence that her injury was of the same type and in the same location as the injury which she had previously suffered. The instruction suggested to the jury that it might find her pain and suffering to be due to aggravation of her prior injury and that if it did so find, it should not award her damages for such pain and suffering.

Had the court instructed that there was no evidence of aggravation, the further instruction that the plaintiffs were not entitled to recover for aggravation of pre-existing injuries, might have been harmless. But as given, the instruction could only inject into the case an issue on which there was no evidence. To so instruct was prejudicial error.

In *Greenwood v. The Olympic, Inc.*, 51 Wn. (2d) 18, 315 P. (2d) 295, also a personal injury action, the court instructed that the plaintiff wife was not entitled to recover for any physical ailment or disability which may have existed prior to her fall in the defendant's hotel, but could recover if it found that her suffering and disability resulted from the activation of a dormant arthritic condition. In holding the instruction erroneous, this court said:

"Although there was evidence that, in consequence of the respondent's fall, a dormant arthritic condition was activated, causing much pain and discomfort, there was no evidence that she was suffering any disability prior to her fall. Consequently, the statement in the instruction that the plaintiffs 'are not entitled to recover for any physical ailment or disability which may have existed prior to the fall,' while technically correct and proper in many cases, invited the jury to speculate about prior physical ailments or disability, concerning which there was no testimony. This may have been the reason, as respondent urges, and

the trial court agrees, that the amount allowed for general damages was so small."

The case is directly in point and governs our decision here.

 The defendant maintains that there was no proper and timely exception to the instruction. When both sides rested, the trial judge submitted his proposed instructions to counsel and, a few minutes later, called for exceptions. The plaintiffs' counsel stated that they had not finished reading the instructions, whereupon the court invited the defendant's counsel to take their exceptions, which they did. Afterward, the plaintiffs' counsel took certain exceptions not relating to the issues on this appeal and then stated, "The plaintiffs have no further exceptions."

The court then adjourned until the following morning at 9:30. When it convened that morning, plaintiffs' counsel presented a proposed instruction eliminating the objectionable phrase in the court's instruction No. 15 (which we have held erroneous) and excepted to the giving of that instruction on the ground that it injected the issue of aggravation into the case, when there was no evidence on that issue.

The court listened to the argument of counsel, but then ruled that the exception was made too late.

A reading of the colloquy between court and counsel discloses that the court was fully apprised of the nature of the objection to the instruction, but based its ruling solely on the fact that the exception had not been taken the day before.

Rule 51.16W, Rules of Pleading, Practice and Procedure, RCW Vol. 0, provides:

"Prior to the reading of instructions to the jury, and in the absence of the jury, the trial court shall hear counsel as to exceptions to the giving of any charge to the jury and to the refusal to give any charge requested in writing. . . ."

The plaintiffs' exception was taken prior to the reading of the instructions to the jury. In view of the fact that counsel had had only a short time in which to read the instructions the day before and did not observe the offending phrase on his first perusal, we think the court should have allowed

the exception. The error could then have been cured before the case went to the jury. The defendant does not suggest that the correcting of the error at that time would have inconvenienced the court or its counsel, but simply maintains that the matter was within the trial court's discretion, citing *Adkisson v. Seattle*, 42 Wn. (2d) 676, 258 P. (2d) 461.

In that case, after the jurors had retired, the plaintiffs asked the court to recall them and to reframe an instruction which they had proposed. We held that under the circumstances, the refusal of this request was not an abuse of discretion. The reason given by the trial court was that, in view of the complexity of the issues involved, it would be dangerous to recall the jury and emphasize this particular instruction by reframing it.

Here, the only reason for refusing to correct instruction No. 15 was that the request should have been made before the court adjourned on the preceding day. The jury had not been instructed, and it would have been a simple matter to delete the misleading and irrelevant phrase.

Rule 51.16W does not require the trial court to listen to exceptions at inappropriate times during the trial. But it does contemplate that counsel will be given adequate time to examine the court's proposed instructions before the exceptions are heard. In this case, the court called for exceptions before counsel had had time to finish reading them and allowed only the additional time which the defendant's counsel used in taking exceptions. Under such circumstances, when court convened the following morning, we think it was an abuse of discretion not to allow the exception to be taken before the jury was instructed.

█ The plaintiffs ask that the new trial be limited to the issue of damages. This is proper where liability is clearly shown, but where the inadequacy of damages is coupled with a close case on the issue of liability, justice requires a new trial upon the entire case. *Greenwood v. The Olympic, Inc., supra.* There was in this case substantial evidence from which the jury could have concluded that the plaintiff wife was negligent in not seeing the box over which she stumbled. The apparent absence of any

award for pain and suffering suggests an element of compromise in the verdict. This being the case, we think that justice requires a new trial as to all of the issues.

It is so ordered.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.

