[No. 32896. Department One. December 2, 1954.]

Merle McUne, *Respondent*, v. Al Fuqua, *Appellant*.[1]

*Hawkins & Sackmann*, for appellant.

*Elery A. Van Diest* and *Tonkoff, Holst & Hopp*, for respondent.

Finley, J.—This is an action for damages for personal injuries arising out of an automobile collision. The case was here on appeal previously; *McUne v. Fuqua*, 42 Wn. (2d) 65, 253 P. (2d) 632. Then, a judgment for the plaintiff was

[1]Reported in 277 P. (2d) 324.

affirmed as to the question of liability, but reversed and remanded for a new trial solely on the question of damages. At the second trial, a jury allowed no damages in a verdict for the defendant. Plaintiff moved for a new trial, and the trial court's order granting the motion reads, in part, as follows:

" . . . that the uncontradicted evidence at the time of trial disclosed that the plaintiff sustained injury requiring the attentions of a physician to give medical care, *particularly to a laceration on the forehead* requiring five sutures *and from all the evidence* introduced at the time of trial it appearing that substantial justice has not been done.

"IT IS BY THE COURT ORDERED, ADJUDGED AND DECREED that plaintiff's motion for a new trial be and the same is hereby granted." (Italics ours.)

The defendant has appealed. No questions are before us as to error relative to instructions or evidence. The only question is whether the granting of the new trial was an abuse of discretion.

Superior Court Rule 16, 34A Wn. (2d) 117, requires that an order for a new trial shall give "definite reasons of law and facts," relative to the action taken by the trial court. The trial court order in the case at bar, quoted in part above, emphasizes the ground; that is, the conclusion reached by the trial court that substantial justice has not been done. The only reasons given by the trial court in support of this ground or conclusion are: (a) the specific one, that the uncontradicted evidence discloses that the plaintiff sustained a head injury or laceration requiring medical care, and (b) the general one, that, *from all the evidence*, it appears that substantial justice has not been done.

In *Johnson v. Howard, ante* p. 433, 275 P. (2d) 736, we said that the trial court must be specific in stating his reasons for granting a new trial; that reasons, stated in general terms by the trial judge, such as, "it appears from the entire proceedings," do not tend in themselves to support the conclusion that substantial justice has not been done. We stated further that, where the trial court is not specific in giving the reasons for its action, but merely

states its conclusion that substantial justice has not been done, we will assume the justification or reasons for granting a new trial are to be found in the record.

The analysis is applicable to the instant case. As mentioned hereinbefore, the trial court has stated its conclusion; or, that is, the court referred to the ground that substantial justice has not been done. Its reasons in support of this ground relate to matters of *evidence*. It seems to us that the reasons for granting the new trial, as stated by the trial court, actually relate to another but unmentioned ground for granting a new trial; namely, the insufficiency of the evidence to sustain the verdict of the jury rather than lack of substantial justice.

We think the reasoning of the *Johnson* case, outlined above, requires us on review here to turn to the statement of facts in the case at bar to determine whether support can be found in the record for the reasons given by the trial court for the order granting the new trial. In other words, in the case before us, we will look to the record to determine whether in our opinion there was sufficient evidence to support the verdict of the jury. If there was, it follows that the granting of the new trial was an abuse of discretion.

Reduced to essentials, respondent McUne claims (1) that he suffered head, neck, and back injuries, shock and emotional upset, in the automobile accident, with respect to which the first trial and appeal established negligence and liability on the part of Mr. Fuqua; and (2) that the granting of a new trial on the ground that substantial justice had not been done was not an abuse of discretion by the trial court. On the other hand, Mr. Fuqua urges (a) that the neck and back injuries claimed by Mr. McUne, if any, resulted from an injury antedating by several years the automobile collision, (b) that the head injuries are inconsequential and do not require an award of even nominal damages by the jury, and (c) that opposing counsel in his closing argument to the jury waived any claim for damages relative to the head injury; in other words, that no compensable injuries were incurred as a result of the automobile collision. Lastly, in

behalf of Mr. Fuqua, it is urged here that the granting of a new trial was an abuse of discretion.

 Turning to the statement of facts, we find that each side produced numerous witnesses, medical records, and several X rays in support of its version of the controversy. The testimony covers 358 pages in the statement of facts. It is strongly conflicting on the questions of whether Mr. McUne sustained the claimed injuries to his neck and back and whether he suffered shock and emotional upset as a result of the automobile collision. In so far as these alleged injuries are concerned, there was *substantial evidence* to support the verdict of the jury, which was adverse to these particular claims of Mr. McUne. The granting of a new trial as to these matters constituted an abuse of discretion.

██ ██ There is no dispute that Mr. McUne suffered a head injury or laceration requiring five sutures, but the evidence is in conflict as to the seriousness of this injury—in fact, as to whether it was inconsequential or not; and the jury apparently concluded, as they had a right to do, that the alleged head injury was inconsequential. Under the circumstances, an award of nominal damages was not mandatory respecting the head injury. In *Casassa v. Seattle,* 75 Wash. 367, 372, 134 Pac. 1080, we said:

"It is urged that the appellants were entitled to nominal damages in any event, as in cases of ordinary trespass on realty, and that the jury should have been so advised. But the sole object of the action was to recover damages, not to establish a right of property or a personal right, or to defend personal character. The failure to prove substantial damages would, therefore, be a failure to sustain the substance of the issue. In such a case, the cause will not be reversed merely that nominal damages may be assessed."

See, also, *Pappas v. Zerwoodis,* 21 Wn. (2d) 725, 153 P. (2d) 170, and cases cited therein. The failure of the jury to award nominal damages to Mr. McUne relative to the head injury was not an adequate reason for granting a new trial.

In passing, we may observe, as indicated above, that counsel for Mr. McUne in his argument to the jury clearly stated

in effect that any claim for damages relative to the head injury or laceration was waived.

For the reasons indicated, the trial court's order granting a new trial is reversed, with instructions that judgment be entered on the verdict of the jury.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.