[No. 34018. Department Two. July 11, 1957.]

PHILIP R. COTE, *Respondent*, v. AUSTIN ALLEN, *Appellant*.[1]

*Kahin, Carmody & Horswill* and *Pinckney M. Rohrback,* for appellant.

*Kennett, McCutcheon & Soderland,* for respondent.

FOSTER, J.—In this automobile accident appeal it seems clearer to refer to the parties as they appeared in the court below. Plaintiff sued defendant for personal injuries and damage to his car. The jury awarded one thousand dollars for personal injuries and five hundred dollars for the car damage.

[1]Reported in 313 P. (2d) 693.

Only plaintiff moved for a new trial, which was granted, but limited to the issue of damage, from which order the defendant appeals and urges here that the motion should not have been granted, or, at least, should not have been so limited.

Defendant contends one instruction told the jury that the burden of proof shifted to the defendant. Defendant also presses upon us the claim that his pleaded defense of contributory negligence should have been submitted under his proposed instructions, which were refused. The final assignment is that mental pain and suffering should have been withdrawn as an item of damage.

The negligence charged against the defendant and proved to the jury's satisfaction was that defendant changed his lane of travel. Plaintiff was traveling easterly in the north lane of the lower level of Spokane street in Seattle. Defendant was traveling in the same direction on the viaduct on the same street.

■ The assignments of error respecting the refusal to give the defendant's three requested instructions on contributory negligence, are not well founded. While every party is entitled to have the jury instructed upon his theory of the case, that rule presupposes evidence to support such theory. Here there is none. The trial court refused such requested instructions, not because of any defect in form, but because there was no evidence of contributory negligence. We are not told in what respect the defendant claims plaintiff was contributorily negligent, nor is there even argument on that point in the defendant's printed brief, but only the general assertion that there is ample evidence thereof in the record. The defendant is not able to point it out, nor can this court detect it. The trial judge said there was none.

■ Defendant's principal argument is that the trial court should not have limited the new trial to the issue of the plaintiff's damages. The circumstances of the accident are clear. No error is assigned upon the admission or exclusion of evidence, nor is any prejudice against the de-

fendant shown. The trial court was of the opinion that the issue of liability was not even close. No good reason, therefore, appears why either party should be put to the unnecessary expense, or the time of the court unnecessarily consumed, in retrying that issue. The discretion of the trial court in this respect is sustained by our repeated decisions. *Lanegan v. Crauford,* 49 Wn. (2d) 562, 304 P. (2d) 953; *Winslow v. Mell,* 48 Wn. (2d) 581, 295 P. (2d) 319; *Owens v. Scott Publishing Co.,* 46 Wn. (2d) 666, 284 P. (2d) 296; *Fleming v. Seattle,* 45 Wn. (2d) 477, 275 P. (2d) 904; *McUne v. Fuqua,* 42 Wn. (2d) 65, 253 P. (2d) 632.

■ The jury allowed only one thousand dollars for personal injuries, while the undisputed items of medical expense alone exceed five hundred dollars, and the loss of wages conceded by the defendant is at least sixteen hundred dollars, a total of twenty-one hundred dollars. It is impossible for this court to say, therefore, that the trial judge abused his discretion in granting a new trial in which the verdict was less than one half of the conceded damage.

■ Error is assigned upon the giving of instruction No. 4, set out in the margin.[2] Defendant's argument is that it told the jury that, if the defendant entered the plaintiff's lane of travel, the burden of proof shifted to the defendant. We do not think that criticism justified. In the previous instruction, to which no exception was taken, the court prop-

[2]"Plaintiff was traveling easterly upon the northerly lane of what may be called the 'lower' portion of Spokane Street. Defendant was traveling in the same direction on the southerly lane of what may be called the 'viaduct' portion of Spokane Street.

"If plaintiff entered the intersection of First Avenue and at all times remained in the same lane and did not turn northerly so as to enter any portion of his automobile into the southerly viaduct lane, and if the defendant, either attempting to make a right turn or for any other reason, turned his automobile southerly so as to enter some portion of it into the plaintiff's lane so as to proximately cause the collision, then the defendant should be held responsible unless the defendant produces proof explaining his presence in plaintiff's lane of travel, so as to demonstrate it was not due to defendant's negligence.

"However, if plaintiff, upon entering the First Avenue intersection and prior to the collision, turned northerly so that some portion of his car left his previous lane of travel, then the plaintiff cannot recover."

erly instructed respecting the burden of proof, proximate cause, preponderance of the evidence, and negligence. The instructions must be taken as a whole, and so viewed, we find no error in them.

██ In the general instruction respecting damage for personal injury, the court advised the jury to allow only such sum as would fairly compensate plaintiff for the damage caused by defendant's negligence and which was proved by a fair preponderance of the evidence. Mental pain and suffering is a proper item of damage if proved. *Green v. Floe*, 28 Wn. (2d) 620, 183 P. (2d) 771.

We find no merit in the assignments of error and the order is, therefore, affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and ROSELLINI, JJ., concur.

---

September 4, 1957, Petition for rehearing denied.