[No. 34902.   Department One.   February 26, 1959.]

ROY C. REYNOLDS *et al.*, *Appellants*, v. CHARLES WILLIAM HANCOCK, JR., *et al.*, *Respondents.*[1]

*Stone, Hoover & Lind,* for appellants.

*McMicken, Rupp & Schweppe,* for respondents.

MALLERY, J.—This is an action for breach of contract. The plaintiffs are licensed real-estate brokers in the city of Seattle. The owners of a house in Seattle, who lived in California, had listed it with them for sale. Their saleswoman

[1]Reported in 335 P. (2d) 817.

showed it to the defendants, who were prospective purchasers.

On March 22, 1957, the defendants executed an earnest-money receipt and agreement on the plaintiff's printed form, in which defendants offered to purchase the home for twenty-eight thousand dollars. This offer was rejected by the owners, who informed their agents (plaintiffs) by telegram that they would accept twenty-nine thousand dollars if offered. On March 23, 1957, the plaintiffs and defendants altered the agreement and initialed the changes so that the offer was for twenty-nine thousand dollars. The plaintiffs air mailed it to the owners on March 24, 1957. On the evening of March 24, 1957, before acceptance by the owners, the defendants changed their minds and informed the owners by telegram that they had withdrawn their offer. This telegram was received by the owners before the air-mail letter arrived.

The earnest-money receipt and agreement provided that the real-estate commission was to be paid by the owners of the house. They are not parties to this suit. They have not claimed that there was a valid contract of sale. No one else has contended for the existence of a consummated contract. The owners paid no commission to the plaintiffs, and plaintiffs have claimed none from them.

The plaintiffs brought this suit against the defendant buyers on the theory that printed paragraph seven of the earnest-money receipt constituted a contract between them and the defendants, which the defendants breached by withdrawing their offer. They prayed for the amount of their commission as the measure of damage suffered by reason of the defendants' breach. Paragraph seven provides:

"Purchaser offers to purchase the property in its present condition, on the terms noted. This offer is made subject to approval of the seller by midnight of March 27, 1957. *In consideration of agent submitting this offer to seller, purchaser agrees with the agent not to withdraw this offer* during said period, or until earlier rejection thereof by seller. Purchaser agrees that written notice of acceptance given to agent by seller shall be notice to purchaser. If seller does

not accept this agreement within the time specified, the agent shall refund the earnest money upon demand." (Italics ours.)

The trial court, holding there was no consideration to the defendants for their promise not to withdraw the offer, granted judgment for the defendants, and the plaintiffs appeal.

■ The trial court's conclusion of law was correct. The appellants were not the respondents' agents. At the intermediate stage of the negotiations relating to the air-mail letter, it would have been a breach of duty to the owners not to transmit to them the specific offer in question. It was not a consideration for the promise of the respondents with whom they were dealing at arm's length.

This is a conclusive answer to appellant's contentions.

· ■ There is another independent answer equally conclusive upon the matter. Only the owners would owe the appellants any commission to which they might become entitled under the agency agreement. If for any reason the respondents became obligated to the appellants for breach of some contract between them, the measure of damages would not be the agreed commission under the real-estate agency to which respondents were not privy. See *Giovannoni v. Waple & James, Inc.*, 105 F. (2d) 108.

■ Assuming then that a breach of contract did exist, the amount of damages would be the cost of mailing the air-mail letter. For this no remedy is available. *De minimis non curat lex.* See *McUne v. Fuqua*, 45 Wn. (2d) 650, 277 P. (2d) 324.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.