[No. 35849.   Department One.   December 7, 1961.]

VIVIAN SHAW et al., Respondents, v. JOHN BROWNING et al., Appellants.*

*Reported in 367 P. (2d) 17.

*Edwin R. Johnson* and *James P. Healy*, for appellants.

*Frederick B. Cohen*, for respondents.

HILL, J.—The jury, in this case, returned a verdict for damages in the sum of $813.43 for personal injuries which, assuming the injured plaintiff was entitled to recover, was grossly inadequate. The trial court granted a new trial limited to damages.

The defendants appeal, urging: (1) that judgment should have been entered on the verdict; and (2) if a new

trial is to be granted, it should be on all issues. As a corollary to (2), it is urged that there were two instructions given by the trial court which were erroneous and may have influenced the verdict on the issue of liability.

The first contention is completely without merit.

■ The verdict was in the exact amount of the doctors, dentist, and hospital bills enumerated in the court's instruction, *i.e.*, $458.43, plus the conceded damage to the plaintiffs' car in the sum of $355—a total of $813.43. Leaving aside all questions of permanent injury, it was conceded that the injured plaintiff had a tooth broken off and sustained bruises, lacerations, and contusions. Her knee was in a cast and, after the cast was removed, she was on crutches for some time. It is indisputable that she sustained pain and suffering, and very clear that the jury did not intend to compensate her for them[1]. Counsel for defendant recognized the inadequacy of the verdict and suggested the addition of "another four or five hundred dollars," as a possibility, in lieu of a new trial. *Ide v. Stoltenow* (1955), 47 Wn. (2d) 847, 289 P. (2d) 1007, is squarely in point on the necessity for a new trial.

■ The second contention: That if there is to be a new trial it should be on all phases of the case, merits serious consideration. If there was a close question on the issue of liability, we would agree that this was a compromise verdict and that our holding should be governed by our cases holding that where there was a compromise verdict, the issue of liability and damages should both be retried. *Vaughn v. Bartell Drug Co.* (1960), 56 Wn. (2d) 162, 351 P. (2d) 925; *Myers v. Smith* (1958), 51 Wn. (2d) 700, 321 P. (2d) 551; *Greenwood v. Olympic, Inc.* (1957), 51 Wn. (2d) 18, 315 P. (2d) 295. See Annotation 29 A. L. R. (2d) 1199.

It is, therefore, necessary to review the issue of liability.

---

[1]The trial court's explanation of the failure of the jury to make any award for pain and suffering was "the fact that these two women were out for an afternoon and they had stopped at a couple or at least one tavern, and this jury just wasn't in any mood to compensate the plaintiff for her injuries simply by reason of the fact that she had been drinking with the defendant."

■ Two married women, Vivian Shaw and Mildred H. Browning, visited two taverns while out for a ride in an automobile owned by the Shaws, but being driven by Mrs. Browning at the time of the collision. On entering a posted arterial, Mrs. Browning failed to yield the right of way and collided with an automobile driven by Carmen Van Slyke. No explanation or reason was offered. Neither Mrs. Browning nor Mrs. Shaw has any recollection of the collision.

The negligence of Mrs. Browning, in failing to yield the right of way to the car on the arterial, is, under the evidence, not debatable. There is no merit in the defendants' corollary assignment of error: That the court should not have instructed that the negligence of Mrs. Browning, in the operation of the Shaw automobile, was established.

The defense was that Mrs. Shaw permitted Mrs. Browning to drive, when Mrs. Shaw knew, or should have known, that Mrs. Browning was under the influence of intoxicating liquor, and that Mrs. Shaw was therefore contributorily negligent and assumed all risks.

There was evidence of drinking. Mrs. Browning conceded that she had had a jigger of whiskey and two beers in the two and a half hours preceding the accident. Mrs. Shaw didn't know about the jigger of whiskey, but she thought it was three beers instead of two. There was no testimony concerning any unusual actions or conduct by Mrs. Browning, except that in the second of two taverns they visited she had an argument with the bartender; she made some uncomplimentary remarks about the place, then apologized, said she was sorry, and shook hands with the bartender.

The trial court properly presented the issue to the jury of whether Mrs. Shaw knew or should have known that Mrs. Browning was under the influence of intoxicating liquor; and, if she was, whether that was a proximate cause of the collision which caused the plaintiff's injuries.

■ However, the court in an additional instruction, explaining what is meant by "under the influence of intoxicating liquor," added two sentences:

" . . . The law recognizes that a person may have drunk liquor and yet not be under the influence of it. It is not enough to prove merely that a driver had taken liquor."

The first sentence is subject to no greater vice than being a redundant statement, rephrasing what had already been stated, but the last sentence is clearly objectionable. If there was no other evidence of Mrs. Browning's having been under the influence of intoxicating liquor, as the trial court seemed to believe[2], than that she had had a jigger of whiskey and two or three beers, the jury was entitled to conclude, on the basis of that instruction, that they could not find that she was under the influence of intoxicating liquor; and that may well have been the basis of their decision on that issue. There certainly comes a point where the amount "taken," in itself, proves that the driver was under the influence of intoxicating liquor. What if there was no other evidence of being under the influence of intoxicating liquor, except that she had "merely" taken three jiggers of whiskey and six glasses of beer in the two and a half hours preceding the collision?

If a jury concluded that a jigger of whiskey and two glasses of beer, in the two and one half hours preceding a collision, proved that a driver was under the influence of intoxicants, we would not say them nay. Indeed, such

---

[2]Excerpt from trial court's ruling on motion for new trial:

" . . . Mrs. Browning, the defendant, absolutely refused to say that she was under the influence of intoxicants or she felt that it affected her driving in any way. Now if the defendant had wanted to take advantage of the plaintiff's assumption of this risk, it seems to me that she might have testified a little more clearly as to how much she had to drink and just how she felt. She has no recollection of the events immediately up to the time of the accident—I mean, within a moment or two thereof. But part of that time of recollection seems to be pretty good, and she will not commit herself as far as the degree of her intoxication is concerned. And under those circumstances, the court, I think, would have felt persuaded to withdraw that issue from the jury. That certainly isn't the kind of case you are trying to present when you are trying to prove someone else is intoxicated. I don't know why the approach should be any different when it is the party himself or herself that claims intoxication. . . . "

evidence, comparing her condition with that of the plaintiff, Mrs. Shaw, would seem quite conclusive.

The state patrolman who arrived at the scene shortly after the collision, testified definitely that Mrs. Shaw was "affected by intoxicating liquor." He couldn't say much about Mrs. Browning, because she was taken away in the first ambulance, but he was in contact with Mrs. Shaw for quite a while, waiting for another ambulance. This testimony assumes importance because Mrs. Shaw testified that she had only had half a glass of beer before she went to the Browning home; thereafter she had the same number of beers as Mrs. Browning (two or three). If Mrs. Shaw was "under the influence" on two and a half or three and a half glasses of beer, the jury could well have concluded that Mrs. Browning, who had, in addition, the jigger of whiskey during the same period of time, was likewise "under the influence" and Mrs. Shaw should have known it.

The statement that "It is not enough to prove merely that a driver had taken liquor," should not be used in such an instruction and, particularly, where there is evidence that goes beyond "mere" proof of drinking. Mrs. Browning's altercation with a bartender, followed by an apology and a handshake, seems to us a somewhat unusual circumstance, particularly when there is testimony that shortly thereafter her companion, Mrs. Shaw, was under the influence of intoxicating liquor.

While the primary negligence of Mrs. Browning is clear, the affirmative defense that Mrs. Shaw knew, or should have known, that Mrs. Browning was also "under the influence" is not tenuous, and the issue of liability is, therefore, sufficiently close to require its submission on a new trial under an instruction which omits the two sentences which we have quoted.

The respondents raise an issue, without cross-appealing, as they are given the right to do by the last sentence of Rule on Appeal 16 (RCW Vol. 0):

"  .  .  .  Without the necessity of taking a cross-appeal, the respondent may present and urge in the supreme court

any claimed errors by the trial court in instructions given or refused and other rulings which, if repeated upon a new trial, would constitute error prejudicial to the respondent. . . ."

Respondents urge that the trial court erred in denying an offer of proof on the issue of damages. The offer was to prove that some months after the collision and while respondent Mrs. Shaw was still on crutches, her home burned and she had to suffer the pain and mental anguish of seeing her home destroyed because she was helpless to do anything about it.

Appellants' only answer to this assignment of error was a motion which we will now consider: Respondents' brief was served on appellants' counsel May 18, 1961; four and a half months later appellants moved, in oral argument before this court, that the

". . . respondents' brief and purported cross appeal be stricken, upon the ground and for the reason that the respondents did not return or serve upon the appellants' counsel, or either of them, the statement of facts as required by Rule 40 of the Rules on Appeal. . . ."

The rule is not applicable to the return of the statement of facts by a respondent when he completes his brief; but, if it were, counsel would not be permitted to sit on his hands for three and a half months and make no effort to secure access to a statement of facts. There has been one available in this court at all time since December 19, 1960. The motion is denied.

We turn now to the merits of the respondents' assignment of error. There is no direct statement in the offer of proof that the respondent, Mrs. Shaw, could have saved a single article or done a single thing about the fire had she not been on crutches; but, assuming that she could have, her mental anguish is clearly beyond the foreseeable consequences of the negligence of the appellant, Mrs. Browning.

Neither of the cases cited by the respondents, in support of their offer of proof, sustains their position. The trial court's ruling, denying the offer of proof, was correct.

140

For reasons, hereinbefore indicated, the trial court's order granting the respondents a new trial is modified by deleting therefrom the words "limited to the question of damages only." Costs will abide the result of the case.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.