[No. 39363.    Department One.    September 19, 1968.]

HENRY CLEVA et al., *Respondents*, v. RAY JACKSON, *Appellant.**

*Reported in 445 P.2d 322.

*Martin, Shorts & Bever* and *Edward C. Burch,* for appellant.

*Casey & Pruzan,* by *Jack M. Sawyer,* for respondents.

HILL, J.—This is an appeal from an order granting a new trial, based on the inadequacy of the damages and the further ground that substantial justice had not been done.

In an intersection-collision case the favored driver, Susan Cleva, testified that, seeing a collision was imminent, she put on her brakes and attempted to turn to the right, and that she had stopped when the collision occurred. The disfavored driver (Ray Jackson) had slowed from "around" 25 miles an hour to "two to four" miles per hour at the time of impact. There was no extensive damage to either car[1] and the respective drivers had apparently sustained no injuries, though Susan Cleva testified she was tossed about and shaken up. Thereafter, she (joined by her husband) brought this action asking damages in the sum of $25,000.

Mr. Jackson, conceding his own negligence in not yielding the right of way, urged contributory negligence as a defense on liability and sought to minimize the damages on the basis of plaintiff's prior back difficulties and the subjective nature of her injuries.

The jury brought in a verdict for the Clevas, fixing the damages at $1,500.

---

[1]The Jackson car had a dented bumper, a bent fan, and a radiator leak with a repair bill of "roughly $200"; the Cleva car sustained damage to the left front fender, with a repair bill of $255.02 (which included $23 for towage). There was also evidence that an additional $88.90 had been paid by the Clevas for the rental of another car during the period required for repairs. These two items make up the $343.92 to which the trial court refers in its memorandum opinion, *infra.*

On a motion for a new trial, the trial court entered an order that unless the defendant would accept an additur of $5,500 to the damages (making the total $7,000), a new trial would be granted limited to damages only. The defendant refused to accept the additur. The appeal is from this order.

The trial court indicated to counsel that it was shocked at the inadequacy of the verdict. In a memorandum decision, which was made a part of the judgment, the trial court said:

> The medical testimony was that plaintiff received injuries causing pain and disability as a proximate result of the accident. No doctor testified that she had fully recovered at the time of trial. All agreed that further treatment was necessary. The medical expense to the time of trial was $1,027.00, car repair and rental for a substitute car was $343.92. The sum of these items is $1,370.92. The verdict of $1,500.00 left only $129.08 for pain and suffering, future medical expense and disability and lost wages. The verdict was clearly inadequate: . . . .

The formal order from which this appeal is taken reads in part as follows:

> ORDERED, ADJUDGED AND DECREED that a new trial on the issue of damages only is granted the plaintiff, unless the defendant shall consent to the entry of a judgment in favor of the plaintiff for $7,000.00 within fifteen days.
>
> This order is predicated upon Rule of Pleading, Practice and Procedure 59.04W subsections (5) "Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;"
>
> (9) "That substantial justice has not been done;" and upon the statute,[2]
>
> RCW 4.76.030 "Increase or reduction of verdict as alternative to new trial."

The Court specifically incorporates its Memorandum Decision pursuant to Rules of Pleading, Practice and Pro-

---

[2] We do not regard this as a separate ground for a new trial in this case, but as expressing a situation where justice has not been done for the specific reason that damages were so inadequate as to indicate prejudice.

cedure, Rule 59.04W and specifically finds that the jury verdict was so low that it shocked the Court, particularly because it allowed only a nominal amount for pain and suffering, and clearly was unjustified under the evidence introduced at the time of trial.

We are constrained to agree with the trial court: that this is a proper case for the granting of a new trial on the basis of damages being so inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice. The trial court has clearly stated its reasons for granting a new trial, and by its proposed additur indicated that the jury verdict was less than 25 per cent of what the court considered it should have been.

Our conclusion that a new trial is warranted by the inadequacy of the damages allowed is supported by the decisions in the following cases. *Hills v. King,* 66 Wn.2d 738, 741-42, 404 P.2d 997 (1965); *Shaw v. Browning,* 59 Wn.2d 133, 135, 367 P.2d 17 (1961); *Myers v. Smith,* 51 Wn.2d 700, 704, 705, 321 P.2d 551 (1958); *Cote v. Allen,* 50 Wn.2d 584, 586, 313 P.2d 693 (1957); *Lanegan v. Crauford,* 49 Wn.2d 562, 568, 304 P.2d 953 (1956); *Ide v. Stoltenow,* 47 Wn.2d 847, 848-51, 289 P.2d 1007 (1955).

This is not such a case as *Cox v. Charles Wright Academy, Inc.,* 70 Wn.2d 173, 174, 422 P.2d 515 (1967), where we reversed an order granting a new trial because of inadequate damages, saying, "Injuries from two prior accidents, each requiring medical care, tended to obscure plaintiff's damages."

Here, the causes of Mrs. Cleva's disabilities were not obscured. She had worked steadily as a waitress and had sustained no serious back injury since her laminectomy in 1958. There had been no treatments[3] for any back condition since that time. Her disabling back condition could not be attributed to any other cause than the collision for which Mr. Jackson was responsible.

Had the jury limited the recovery to the property damage ($343.92), it would have been apparent that they did

---

[3]She had been examined but not treated by a doctor following a minor collision in 1962.

not regard Mrs. Cleva's back difficulties as attributable to this rather minor collision, but the verdict of $1,500 did indicate that the jury regarded Mr. Jackson as responsible for Mrs. Cleva's difficulties with her back, which followed the collision and still persisted at the time of trial. The amount of the verdict was not, as the trial court pointed out, consistent with that responsibility.

While we affirm the granting of a new trial, limited to damages only, the question of the extent of the injury sustained is involved in the nature of the collision so that all of the evidence that was pertinent at the first trial, relative to the manner in which the cars came together, should again be submitted to the jury with instructions that Mr. Jackson was negligent in the operation of his car and responsible for such damages as Mrs. Cleva can show were proximately caused by that negligence.

The order granting a new trial, limited to damages only, is affirmed.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., and WILLIAMS, J. Pro Tem., concur.