[No. 64058-1. En Banc.]
Argued March 25, 1997. Decided May 29, 1997.

PAMELA S. PALMER, *Individually and as Guardian,* ET AL., *Petitioners,* v. THOMAS JENSEN, ET AL., *Respondents.*

194

TALMADGE, J., did not participate in the disposition of this case.

*Albertson Law Offices,* by *Dan M. Albertson,* for petitioners.

*Lee, Smart, Cook, Martin & Patterson, P.S., Inc.,* by *John Q. Powers* and *Molly E. Farr,* for respondents.

*Michael S. Rogers* on behalf of Washington Defense Trial Lawyers, amicus curiae.

*Gary N. Bloom, Bryan P. Harnetiaux,* and *Debra L. Stephens* on behalf of Washington State Trial Lawyers Association, amicus curiae.

DOLLIVER, J. — In this personal injury action, Pamela Palmer asks us to reverse the trial court's denial of her motion for a new trial. Palmer argues the jury's verdict in an amount exactly equal to special damages is inadequate as a matter of law because the award necessarily failed to include damages for pain and suffering.

On January 30, 1990, Palmer was driving her Volkswagen Rabbit in Tacoma when the car was rear-ended by a Ford Aerostar mini-van driven by Thomas Jensen. Palmer's son Shawn, then aged three and one-half, was riding in the backseat restrained in his car seat. Palmer filed this action for personal injuries alleging general and special damages. A jury found Jensen to be negligent, but concluded Palmer was 25 percent contributorily negligent. The jury awarded Palmer and her son damages in amounts exactly equal to their special damages — $8,414.89 and $34.00 respectively. The awards were then reduced to account for Palmer's contributory negligence.

Palmer took Shawn to the doctor on the day of the accident. Shawn's pediatrician diagnosed "Seat Belt Contusion" and did not prescribe further medical care. Ex. 8.

Palmer was examined by Dr. Lowell Finkleman the day

after the accident. Dr. Finkleman diagnosed "ACUTE CERVICAL LUMBAR STRAIN OF MILD DEGREE" and prescribed physical therapy, pain medication, x-rays, and follow-up care. Clerk's Papers at 143. Palmer saw Dr. Finkleman and a physical therapist regularly until she and her family moved to Boise, Idaho, over a year later. She was treated by a doctor and physical therapist in Boise, each of whom believed her continued lower back problems were a likely result of the accident.

The total cost of Palmer's medical treatment was $8,414.89 — the exact amount of the jury's verdict. Dr. Finkleman testified at trial that all of the special damages claimed by Palmer were reasonable and necessary. Both Dr. Finkleman and Palmer's physical therapist, Roger Russell, told the jury Palmer was experiencing pain from the accident while they were treating her. Medical records from Palmer's doctor and physical therapist in Boise state she continued to experience pain in her lower back over two years after the accident.

The defendant presented no evidence to refute these medical opinions. Instead, counsel for the defendant contended in closing argument that the evidence presented by the plaintiffs failed to prove Palmer was injured and, alternatively, that only a portion of the two and one-half year treatment was justified. The defense called only one witness — the defendant Thomas Jensen. The defense retained an expert, Dr. Daniel Brzusek, but did not call Dr. Brzusek to testify because his testimony was not helpful to the defendant's case. The plaintiffs had wanted to call Dr. Brzusek to testify, but the court granted a defense motion to prohibit reference to the doctor.

After the jury returned its verdict, Palmer moved for a new trial, arguing the verdict was insufficient because it failed to include general damages. The trial court denied the motion and Palmer appealed. The Court of Appeals affirmed the trial court, reasoning it is not an abuse of discretion for a trial judge to deny a new trial on the basis that the jury awarded only special damages.

*Palmer v. Jensen*, 81 Wn. App. 148, 151-52, 913 P.2d 413 (1996).

I

After the jury returned its verdict, Palmer moved for an additur or alternatively a new trial pursuant to CR 59(a)(5), (7), (8), and (9). CR 59 allows the trial court to grant a new trial for the following causes:

(5) Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;

. . . .

(7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;

(8) Error in law occurring at the trial . . .;

(9) That substantial justice has not been done.

Only CR 59(a)(5) and (7) are at issue here.

Determination of the amount of damages is within the province of the jury, and courts are reluctant to interfere with a jury's damage award when fairly made. *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 329, 858 P.2d 1054 (1993). Denial of a new trial on grounds of inadequate damages will be reversed only where the trial court abuses its discretion. *Wooldridge v. Woolett*, 96 Wn.2d 659, 668, 638 P.2d 566 (1981). A much stronger showing of abuse of discretion will be required to set aside an order granting a new trial than an order denying one because the denial of a new trial "concludes [the parties'] rights." *Baxter v. Greyhound Corp.*, 65 Wn.2d 421, 437, 397 P.2d 857 (1964).

Where the proponent of a new trial argues the verdict was not based upon the evidence, appellate courts will look to the record to determine whether there was sufficient evidence to support the verdict. *McUne v. Fuqua,*

45 Wn.2d 650, 652, 277 P.2d 324 (1954); *Ide v. Stoltenow*, 47 Wn.2d 847, 848, 289 P.2d 1007 (1955); Philip A. Trautman, *Motions Testing the Sufficiency of Evidence*, 42 WASH. L. REV. 787, 811 (1967). Where sufficient evidence exists to support the verdict, it is an abuse of discretion to grant a new trial. *McUne*, 45 Wn.2d at 653; *Ide*, 47 Wn.2d at 848; Trautman, *supra* at 811.

Conversely, it is an abuse of discretion to deny a motion for a new trial where the verdict is contrary to the evidence. *Krivanek v. Fibreboard Corp.*, 72 Wn. App. 632, 637, 865 P.2d 527 (1993) (trial court abused its discretion when it denied a new trial on the basis of inadequate damages in wrongful death case because damages were not within the range of substantial evidence); *see also Lanegan v. Crauford*, 49 Wn.2d 562, 568, 304 P.2d 953 (1956) (new trial ordered on the issue of damages where it "seem[ed] reasonably clear . . . that only $381" was awarded for general damages because there was "no serious controversy respecting special damage[s]").

The Court of Appeals limited its analysis to whether the verdict was so inadequate as to indicate passion or prejudice under CR 59(a)(5) and neglected to analyze whether there was evidence to support the verdict under CR 59(a)(7). The court neither discussed CR 59(a)(7) nor referred to the evidence adduced at trial. The court accordingly failed to undertake an independent review of the record to determine whether the verdict was contrary to the evidence.

## II

Palmer's claim that the trial court erred in failing to grant a new trial is premised entirely upon her assertion that the jury failed to award general damages. The jury awarded damages exactly equal to the special damages claimed at trial. The Court of Appeals stated, "[a]lthough there is no way this court could know with absolute certainty whether the jury failed to award general dam-

ages, such a result can be reasonably inferred from the general verdict when the jury's award is exactly the same as the plaintiff's uncontroverted evidence." *Palmer*, 81 Wn. App. at 152. Curiously, the court later stated the award may nonetheless have included general damages because the jury could have inferred that some of Palmer's medical expenses were unnecessary. *Palmer*, 81 Wn. App. at 153.

The defendant contends Palmer has failed to show "unerringly from the record" that the verdict of the jury represented special damages only (quoting and citing *Cox v. Charles Wright Academy, Inc.*, 70 Wn.2d 173, 177, 422 P.2d 515 (1967)). In *Cox*, we held the trial court erred in granting an additur after finding the jury had failed to award general damages for pain and suffering for injuries the plaintiff allegedly received in a car accident. *Cox*, 70 Wn.2d at 174.

Unlike this case, there was substantial evidence in *Cox* that the plaintiff's injuries were not attributable to the accident. *Cox*, 70 Wn.2d at 177-78. The plaintiff had been in four car accidents in four years, which "tend[ed] to obscure or cloud all the evidence of damages." *Cox*, 70 Wn.2d at 178. We observed an additur or new trial may lie where the record shows "categorically" that special damages alone were awarded. *Cox*, 70 Wn.2d at 177 (citing *Shaw v. Browning*, 59 Wn.2d 133, 367 P.2d 17 (1961)).

Here, the Court of Appeals acknowledged that uncontroverted evidence at trial established that all of Palmer's medical treatment was related to the accident, was necessary, and was reasonable. *Palmer*, 81 Wn. App. at 150. The defendant argues Palmer's special damages were still a matter of legitimate dispute because the jury could have concluded some of Palmer's treatment was unnecessary. However, the defense presented no evidence to call the treatment into question. Lacking evidence, counsel for the defense could only urge the jury during closing argument to conclude Palmer had failed to prove her treatment was necessary.

*Ide v. Stoltenow*, 47 Wn.2d 847, 289 P.2d 1007 (1955) is directly on point. In *Ide*, we held the trial court was justified in granting a new trial where the jury's verdict was $120 more than the lowest computation of special damages. *Ide*, 47 Wn.2d at 849. The defendant in *Ide*, like the defendant here, argued the jury could have concluded some of the treatment was unnecessary, particularly the treatment received over one year after the accident. *Ide*, 47 Wn.2d at 849. In response to this argument, we stated:

> The difficulty with that argument is that, carried to its logical conclusion, there never could be an inadequate verdict, because the conclusive answer would always be that the jury did not have to believe the witnesses who testified as to damages, even though there was no contradiction or dispute.

*Ide*, 47 Wn.2d at 851.

Likewise, in *Hills v. King*, 66 Wn.2d 738, 404 P.2d 997 (1965), the defendant presented no medical testimony challenging the necessity or reasonableness of the plaintiff's treatment for injuries to her back and neck caused by a minor car accident. The defendant instead argued the plaintiff was not seriously injured and, "except for her imagination," there was little need for most of the special damages. *Hills*, 66 Wn.2d at 739. We held the jury's award of $200 less than special damages did not allow for pain and suffering because there was no legitimate controversy over the amount of special damages. *Hills*, 66 Wn.2d at 741.

■ We have held in numerous other cases that the court can assume the jury failed to award damages for pain and suffering where the verdict is equal to or less than uncontroverted special damages. In *Shaw v. Browning*, 59 Wn.2d 133, 367 P.2d 17 (1961), we found it "very clear that the jury did not intend to compensate" plaintiff for pain and suffering where the verdict was in the exact amount of special damages. *Shaw*, 59 Wn.2d at 135. In *Daigle v. Rudebeck*, 154 Wash. 536, 538-39, 282 P. 827 (1929), we similarly found the jury allowed nothing for

general damages where the verdict was almost the exact amount of uncontroverted special damages. *See also Lanegan v. Crauford,* 49 Wn.2d 562, 568, 304 P.2d 953 (1956) ("[i]t seems reasonably clear" that only $381 was awarded for general damages where items of special damage "seem to be beyond the field of legitimate controversy."); *Swanson v. Sewall,* 183 Wash. 462, 466, 48 P.2d 939 (1935) (verdict for amount less than special damages in auto accident case "grossly inadequate").

Given that there was no legitimate controversy regarding special damages and that the jury's verdict exactly equaled the plaintiffs' special damages, we hold the jury's verdict included no compensation for pain and suffering.

## III

 Palmer argues the case law "mandates" that an injured plaintiff be awarded general damages. Although there is no per se rule that general damages must be awarded to every plaintiff who sustains an injury, a plaintiff who substantiates her pain and suffering with evidence is entitled to general damages. The adequacy of a verdict, therefore, turns on the evidence. *See Hills v. King,* 66 Wn.2d 738, 404 P.2d 997 (1965) (no abuse of discretion to grant new trial where jury awarded nothing for pain and suffering but plaintiff experienced pain for at least 17 months after the accident); *Shaw v. Browning,* 59 Wn.2d 133, 367 P.2d 17 (1961) (where "indisputable" that plaintiff sustained pain and suffering and jury failed to award general damages, new trial upheld); *Ide v. Stoltenow,* 47 Wn.2d 847, 850, 289 P.2d 1007 (1955) (no abuse of discretion to grant new trial where verdict of less than $500 for general damages was "so inadequate as to shock the conscience of the court"); *Cleva v. Jackson,* 74 Wn.2d 462, 465, 445 P.2d 322 (1968) (new trial upheld where trial court found nominal amount for pain and suffering "clearly was unjustified under the evidence introduced at the time of trial").

We therefore review the record to determine if the omis-

sion of general damages was contrary to the evidence. With regard to Shawn Palmer, we find the record would support a verdict omitting general damages. Shawn's pediatrician noted the child was experiencing pain in the back of the head on the day of the accident, but did not prescribe further medical care. The total cost of Shawn's medical care was $34 for this office visit. Given that Shawn's injuries were minimal, and that he required virtually no medical care, the jury could reasonably have concluded he was not entitled to damages for pain and suffering.

Turning to Pamela Palmer, Dr. Finkleman noted the day after the accident that Palmer was experiencing neck pain, low back pain, headaches, and sleep difficulties. Follow-up visits with Dr. Finkleman revealed cervical and lumbar pain, but with gradual improvement. Dr. Finkleman continued to note periodic pain in February and March of 1991 — over one year after the accident.

While Palmer was under Dr. Finkleman's care, she underwent 10 months of physical therapy at two different clinics. Roger Russell, her first physical therapist, testified at trial that Palmer was "very tender" in the neck and back. Report of Proceedings at 102. In his chart notes, he stated Palmer was "very uncomfortable" in the neck and back, and that she had "great difficulty" sleeping. Ex. 2. Another physical therapist, William L. Kelly, noted Palmer complained of "constant low back pain that varies in intensity from dull to sharp." Ex. 3. When Palmer moved to Boise, Mr. Kelly recommended that she undergo a physical therapy program there.

In January 1992, Palmer began treatment with David Hartman, M.D., in Boise for lower back pain. After examining Palmer, Dr. Hartman concluded her pain was "very likely" a result of the accident. Ex. 4. Dr. Hartman predicted Palmer would continue to have chronic pain and prescribed physical therapy and pain medication. Anita Leccese, Palmer's physical therapist in Boise, repeatedly wrote in her chart notes that Palmer was in

pain. Upon discharging Palmer after two months because she could no longer afford physical therapy, Ms. Leccese noted Palmer was still experiencing episodes of pain, but found the pain was controllable with active exercises.

The medical evidence substantiates Pamela Palmer's claim that she experienced pain and suffering for over two years after the accident. We hold the jury's verdict providing no damages for Palmer's pain and suffering was contrary to the evidence. The trial court therefore abused its discretion when it denied Palmer's motion for a new trial.

## IV

We remand for a new trial on the issue of Pamela Palmer's damages only.

DURHAM, C.J., and SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and SANDERS, JJ., concur.