2015 JUN -8 AM 9: 38


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BEHZAD MOHAMMAD, an individual, | ) ) DIVISION ONE |
| Plaintiff, | ) ) No. 71008-7-I |
| MOGHADAM M. MOVAHEDI, an individual, | ) ) ) UNPUBLISHED OPINION |
| Appellant, | ) ) |
| v. | ) ) |
| RAYMOND THOMAS, an individual, and JANE DOE THOMAS, an individual and the marital community comprised thereof, | ) ) ) ) ) |
| Respondents. | ) FILED: June 8, 2015 ) |

DWYER, J. – Moghadam Movahedi appeals the denial of his motion for a new trial in his personal injury suit, claiming that a new trial is necessary because he was prejudiced by a discovery violation and because the jury verdict was contrary to the evidence. Because he fails to establish any abuse of discretion in the trial court's rulings, we affirm.

I

Moghadam Movahedi sued Raymond Thomas for damages based on injuries sustained in a motor vehicle collision. Thomas admitted liability for the collision and stipulated to certain medical expenses, but contested the nature and extent of Movahedi's claimed injuries. Thomas retained Dr. Mary Reif, a

licensed neurologist, to perform a medical examination of Movahedi, review records related to the collision and Movahedi's medical care, prepare a written report, and testify as an expert witness at trial. Prior to trial, Thomas provided Movahedi with a copy of Dr. Reif's report, which included the following diagnoses:

1. History of cervical, thoracic, and lumbar straining syndrome due to motor vehicle accident of June 29, 2011, with resolution, and bilateral wrist strains, all objectively resolved. Cervicogenic headache at onset but no additional comments made between July 6, 2011 and Dec 19, 2011 in the medical records

2. Epilepsy, partial complex, with some secondary generalization. This is reported in November or December 2011 and has no relationship to the motor vehicle accident. . . . He has an abnormal brain MRI and electroencephalogram. The abnormalities seen on MRI were not acute at the time of the first MRI brain and are not of a pattern that would come from head trauma, particularly that type described in the accident in question. . . . [T]he findings that came on his brain MRI are not those which would develop as a result of head trauma, and therefore, the findings of this MRI and his epilepsy are completely coincidental and unrelated to the whiplash injury.

3. Tenderness to light touch in the right suboccipital region. This is unassociated with any objective pathology, and I cannot relate it, on a more probable than not basis, to his MVA of 2011.

4. I cannot relate his current headaches to his MVA. . . .

At trial, Dr. Chi Meng Gan, Movahedi's treating physician, testified that he first examined Movahedi two days after the collision. Dr. Gan diagnosed neck sprain, lower back sprain, and wrist sprains. Dr. Gan acknowledged that Movahedi complained of "headache and dizziness," but concluded that, "most likely," "the neck sprain . . . resulted in his headaches." Over the next few weeks,

2

Dr. Gan treated Movahedi with acupuncture and massage, which "helped him heal his neck and lower back."

However, over five months after the collision, Movahedi complained to Dr. Gan of a "sudden reoccurrence of headaches," "photophobia," and "dizziness," as well as "periodic short episodes of loss of consciousness." Dr. Gan referred him to a neurologist for a formal diagnosis and treatment of "post-concussion" symptoms. Dr. Gan opined that Movahedi's headaches resulted from a "traumatic brain injury" that Movahedi suffered during the collision.

Prior to Dr. Reif's testimony, Movahedi requested that the court exclude any testimony expressing an opinion as to whether he suffered a traumatic brain injury in the collision because Dr. Reif had included no such opinion in her report. The court ruled that Thomas "can ask her whether she has any other diagnoses" than those in her report, but that Thomas was not "to go into the background" or her reasons for making or ruling out any other diagnosis. The court continued, "You can certainly ask her, . . .'To make it clear, you're not diagnosing him as having traumatic brain injury.'"

During Dr. Reif's testimony, Thomas asked, "Based on your expertise as a neurologist in your examination and review of the records, you're not diagnosing him with having had a traumatic brain injury. Correct?" The court overruled Movahedi's objection and Dr. Reif answered, "No, I'm not. I'm not diagnosing him with a TBI."

In addition to the stipulated amount of $6,970 for medical expenses, the jury awarded Movahedi $650 in "past and future noneconomic damages."

Movahedi filed a motion for a new trial, claiming that the trial court erred by failing to exclude Dr. Reif's testimony regarding traumatic brain injury. He also claimed that the jury verdict was contrary to the evidence. The trial court denied the motion.

Movahedi appeals.

## II

We review a trial court's ruling on sanctions for discovery violations and a motion for a new trial for abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 684, 41 P.3d 1175 (2002) (trial court has broad discretion in choice of sanctions for discovery order violation); Brundridge v. Fluor Fed. Servs., Inc., 164 Wn.2d 432, 454, 191 P.3d 879 (2008) (trial court has discretion to grant new trial if damage award is contrary to evidence). A trial court abuses its discretion only if its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Movahedi claims Thomas violated his discovery obligations by failing to promptly and fully respond to interrogatories regarding expert witnesses and then introducing Dr. Reif's previously undisclosed opinion at trial. He also claims the trial court erred by allowing Dr. Reif to testify to a new undisclosed opinion.

We disagree with Movahedi's characterization of the record. Thomas disclosed Dr. Reif's report prior to trial. The report clearly demonstrates that Dr. Reif believed that all symptoms Movahedi experienced as a result of the collision were resolved and that all symptoms described in and after November and

4

December 2011 "are completely coincidental and unrelated to the whiplash injury," "not those which would develop as a result of head trauma," and not related to the collision. Based on these clear statements in the properly disclosed report, there was nothing new or surprising in Dr. Reif's statement that she did not diagnose a traumatic brain injury. Thus, Movahedi fails to identify any abuse of discretion in the trial court's management of discovery or admission of evidence at trial. Nothing in the authority upon which Movahedi relies requires a different result. Cf., Magaña v. Hyundai Motor Am., 167 Wn.2d 570, 576, 220 P.3d 191 (2009) (affirming trial court's decision to strike pleadings and enter $8 million default judgment against defendant in personal injury action based on findings of willful and deliberate discovery violations resulting in substantial prejudice to plaintiff's preparation for trial such that lesser sanctions would not suffice); Port of Seattle v. Equitable Capital Grp., Inc., 127 Wn.2d 202, 209, 898 P.2d 275 (1995) (affirming trial court's decision to exclude testimony of expert who valued property at $4.3 million based on 88 comparables before discovery deadline and then changed valuation to between $65 million and $75 million based on 237 comparables just seven days before trial).

Next, Movahedi argues he is entitled to a new trial because the jury's award of "only $650" in noneconomic damages is contrary to Dr. Reif's uncontroverted testimony that he "sustained injuries to his neck, mid-back, low back, and wrists as a proximate result of the subject accident." Br. of Appellant at 15. But Movahedi does not identify any evidence suggesting a different dollar amount was required to compensate his past and future noneconomic damages

5

based on these injuries. And, again, the authority upon which he relies does not support his claim. Cf., Palmer v. Jensen, 132 Wn.2d 193, 201-03, 937 P.2d 597 (1997) (trial court abused discretion in denying new trial where jury's verdict awarding no damages for pain and suffering was contrary to evidence that plaintiff experienced pain and suffering for over two years after accident); Krivanek v. Fibreboard Corp., 72 Wn. App. 632, 637, 865 P.2d 527 (1993) (trial court abused discretion in denying new trial where jury's award of $30,000 on wrongful death claim was not within the range of uncontroverted evidence of pension and wage losses of approximately $251,939 to $305,732).

Moreover, because Movahedi has not provided a complete record of the trial, despite his burden to provide this court with a record sufficient to review the issues raised on appeal, we cannot say that the award is outside the range of the evidence. RAP 9.2; Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988). Movahedi fails to demonstrate any abuse of discretion in the trial court's denial of his motion for a new trial.

Affirmed.

We concur:

6