[No. 29349.  Department Two.  June 15, 1944.]

ELEANOR CRAMER, *Respondent,* v. FRANK BOCK *et al.,*
*Appellants.*[1]

*J. P. Tonkoff,* for appellant.

*Cheney & Hutcheson, John Gavin,* and *Bonsted & Nicho-
son,* for respondent.

[1]Reported in 149 P. (2d) 525.

SIMPSON, C. J.—Plaintiff instituted this action to recover compensation for damages to her automobile sustained in a collision with an automobile owned by defendants and driven by defendant Emma Bock.

Plaintiff alleged that defendant driver was negligent in driving into an obstructed street intersection at the excessive rate of thirty-five miles per hour, where the speed limit was twenty miles per hour; that she did not yield the right of way to plaintiff's car on her right, which was simultaneously approaching a given point in the intersection, and ran into plaintiff's car, causing it to be damaged.

Defendants in their answer denied the charges of negligence on the part of the driver of their car, and by way of cross-complaint charged plaintiff with negligence in the operation of her car while it was being operated by its driver, and the allegations of negligence, seven in number, were: In driving at fifty miles per hour; failure to keep the car under control; failure to keep a reasonable lookout; neglect to observe defendant Emma Bock and to exercise reasonable care in order to avoid the collision; disregard of the safety of defendant; and failure and neglect to yield the right of way to defendant. The reply put in issue the allegations of the cross-complaint.

Trial was had to the court, sitting with a jury, upon the issues presented. The jury returned a verdict in favor of defendants without damages. Plaintiff's motion for a new trial was granted as to her upon the ground that the court committed error in the giving of an instruction, No. 12, which reads:

"You are further instructed that all rights of way are relative, and the duty to avoid accidents or collisions at intersections rests upon both drivers. The primary duty of avoiding such accidents rests upon the driver entering the intersection on the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

"Where there is a collision at an intersection of two highways between cars one of which entered the intersection from the right and the other entered from the left, the burden is upon the driver entering from the left to show that

the favored driver, that is, the one entering from the right, so wrongfully, negligently or unlawfully operated his car as would deceive a reasonably prudent driver entering the intersection from the left and warrant him in going forward upon the assumption that he had the right to proceed."

The court then entered a judgment dismissing defendants' cross-complaint. Defendants did not attack the verdict of the jury, but appealed to this court from the orders of the trial court granting a new trial to plaintiff and dismissing the cross-complaint. The assignments of error are: In granting the respondent a new trial; in granting respondent's motion to strike the appellants' cross-complaint; and in setting aside the appellants' verdict.

The facts necessary to be noted are these: The collision which engendered this litigation occurred at the intersection of McLaren street and Queen avenue in the city of Yakima. McLaren street runs in an easterly and westerly direction, while Queen avenue extends in a northerly and southerly direction. The accident occurred at about 2:30 p. m., November 17, 1942. Appellants' car was being driven by Mrs. Bock in an easterly direction, while respondent's car was proceeding to the north from a point south of the intersection. The view at the intersection is obstructed by a house situated on its southwest corner.

Mrs. Bock testified that, as she reached the west sidewalk of the intersection, traveling at a speed of ten to twelve miles per hour, she looked to her right and observed respondent's car in the middle of the block, traveling at a speed of about forty or fifty miles per hour. She testified further in relation to her view of the approaching car, "Well, it seemed I had my eyes on it constant because I couldn't see it letting up in speed." Realizing that she could not cross the intersection in safety, Mrs. Bock applied the brakes and stopped her car as its front end reached the center of the intersection. The collision occurred almost at the moment appellants' car was stopped.

Instruction No. 12 followed with fidelity the rules relating to collisions occurring at street and highway intersections,

as announced in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

■ We hold to the view, and are of the opinion, that an instruction pointing out the rule relative to deception is only authorized when the evidence shows or justifies an inference that the disfavored driver was deceived by the actions of the favored driver and had reasonable grounds for going forward.

It is clear that the instruction should not have been given in the instant case for the reason that Mrs. Bock was not deceived by the operation of respondent's car. Her own testimony is that she noticed its speed from the time she saw it to her right and was at all times acquainted with its speed as it approached the intersection. Under these conditions, it was error to give the instruction relative to deception.

■ The question having to do with the dismissal of appellants' cross-complaint involves the proposition of whether a court may allow a verdict to stand as to one or more issues presented and grant a new trial on other issues. This question is presented and considered in the following statements:

"No good reason appears, however, why a verdict must be set aside in toto when the issues determined by the jury are in fact severable and when no harm will result from retaining the verdict and judgment upon those issues not affected. . . . " 39 Am. Jur., New Trial, § 21.

"The issue or issues to be retried without a reopening of the whole case may involve a single matter of dispute or a part of the plaintiff's demand. Where there are distinct counts and causes of action and cross complaints and counter-claims, all of which have been tried in the same case, a new trial may be granted as to part only, and denied as to the rest. . . . " 39 Am. Jur., New Trial, § 23.

"It is now well established, notwithstanding doubt expressed in some earlier cases as to the common-law power of a reviewing court to limit issues when ordering a new trial, that when error exists as to only one or more issues and the judgment is in other respects free from error, a reviewing court may, when remanding the cause for a new

trial, whether by the court or a jury, limit the new trial to the issues affected by the error whenever these issues are entirely distinct and separable from the matters involved in other issues and the trial can be had without danger of complication with other matters. But when it appears that the error did affect or may have affected all the issues, a complete new trial must be had. In some jurisdictions, the power to limit the issues where a new trial is granted is conferred by statute. However, a statutory authority to limit a new trial to certain issues upon reversing a judgment on appeal does not nullify the common-law power of the court to limit the trial to other issues. Such partial trials are not of strict legal right, but are of sound legal discretion." 3 Am. Jur., Appeal and Error, § 1226.

"The fact that the reviewing court possesses power, where the error necessitating a new trial relates to only one or more of the issues, to limit the new trial to the issue or issues as to which the error occurred does not mean that the court should do this in all cases where the error relates to a part only of the issues. The right to limit the issues when ordering a new trial should be exercised only when it is clear that no injustice will result from so doing. As much more of the case must be retried as may be necessary in order to afford the parties a fair trial. . . . Generally, it may be said that before a partial new trial may properly be granted, it should clearly appear that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice and without danger of complication with other matters." 3 Am. Jur., Appeal and Error, § 1228.

A most interesting discussion of this question will be found in the well-considered opinion of Chief Justice Smith of the Mississippi supreme court in *Yazoo & M. V. R. Co. v. Scott,* 108 Miss. 871, 67 So. 491, Ann. Cas. 1917E, 880.

This court has indicated its position on the question in *Auwarter v. Kroll,* 79 Wash. 179, 140 Pac. 326, in which the jury returned a general verdict and the court, upon its own motion, submitted a special verdict as to each of three causes of action contained in the complaint. In passing on the question, we stated:

"A new trial was denied as to the first cause of action, and the court, of its own motion, ordered that plaintiff's com-

plaint as to the second and third causes of action be dismissed, and that he take nothing. Both sides appeal from this order, defendant insisting that the court had no power to enter a judgment other than to grant or deny the motion; while the plaintiff insists that the verdict and judgment be reinstated as to the second and third causes of action, or, if that cannot be done, the order vacating the judgment as to the second and third causes of action be set aside and a new trial granted.

"If the jury had returned a general verdict only, the position of the defendant would be well taken, for the court could not then have apportioned the judgment; but where, as in this case, special verdicts are returned showing the amount allowed by the jury upon each cause of action, an order of the court denying a new trial upon one cause of action and granting it as to another, does no violence to § 399 *et seq.,* Rem. & Bal. Code (P. C. 81 § 729)."

■ In cases of this nature, it is necessary to ascertain whether the verdict of the jury was general or special; that is, was the verdict rendered upon a portion of the litigation which was separate and distinct from other issues; and, further, whether the limitation of the issues will work an injustice to any of the parties to the action.

Among the instructions given to the jury in the instant case, we find the following:

"If you find that the driver of defendants' car was not negligent, or if you find that the accident resulted by reason of the negligence of said driver, but that negligence, if any, on the part of the driver of plaintiff's car proximately contributed thereto, then your verdict will be for the defendants, but without awarding damages."

It is obvious that the jury could have found either that the driver of respondent's car was negligent and that that negligence contributed to the accident, or that appellant driver was not negligent. That being the situation, it is impossible to hold that the verdict was other than general.

■ We are of the opinion that it would be unjust for this case to be retried and eliminate the consideration by the court and jury of the question of appellants' right to recover on their cross-complaint, the reason being that it is impossible to ascertain whether or not the jury returned its

verdict upon the issues presented by the cross-complaint. The case should be retried upon all of the issues presented by appellants and respondent.

The judgment of the trial court is modified as indicated in this opinion.

MILLARD, BLAKE, ROBINSON, and MALLERY, JJ., concur.