[No. 31913. Department One. May 8, 1952.]

VESTOR C. NELSON, *Respondent,* v. ED FAIRFIELD *et al., Appellants.*[1]

[1]Reported in 244 P. (2d) 244.

*John D. Cartano* (of *Peyser, Cartano, Botzer & Chapman*), for appellants.

*Monheimer, Schermer & Mifflin* (*Melvin Monheimer, Jr.,* of counsel), for respondent.

GRADY, J.—This action was instituted by respondent to recover damages arising out of a collision between an automobile he was driving and one being operated by appellant. In his complaint, respondent named as codefendant the wife of appellant. Appellant alleged he was a single man. No issue was raised in the reply as to marital status, and we shall treat the action as having been brought against the appellant alone. The case was tried before a jury, resulting in a verdict for respondent.

On January 7, 1950, shortly after five o'clock in the morning, respondent was driving an automobile belonging to a

companion in a northerly direction on a four lane highway towards Everett. The highway was covered by a sheet of ice and was slippery. There was a ridge of snow along the center of the highway. The appellant was driving his automobile in a southerly direction. Respondent testified that, as the other automobile approached, it turned suddenly, crossed the snow ridge, came sliding towards him and collided with the one he was driving. The automobiles collided on the east side of the highway, which was the side on which respondent was driving. There was evidence tending to show that appellant had indulged in intoxicating liquor to such an extent that he was substantially affected thereby.

The version given by the appellant was to the effect that the road was so slippery that he could not get much traction with his automobile; that it went into a skid and struck the snow ridge; that he tried to pull it out of the skid, but a front wheel caught in the ridge of snow and it went across the road in front of the other automobile. He stated that the impact caused his head to strike the window and break the glass; that it knocked him out and he did not remember anything thereafter.

Appellant makes the following assignments of error:

In submitting to the jury the issue of intoxication.

In submitting to the jury the issue of driving without paying proper attention to the other users of the highway and without keeping a proper lookout ahead.

In including in the instruction on elements of damage injury to the nervous system and hospital expense.

In holding the damages awarded were not excessive.

The appellant contends that it is not sufficient merely to prove intoxication upon an issue of negligence, but there must be proof that such intoxication was a proximate cause of the collision. The argument is made that there was a total failure of proof that intoxication contributed to the collision, or that it would not have occurred even if appellant had not been so affected.

We may accept the theory of appellant, but there

was ample evidence submitted from which the jury could properly find that appellant was so much under the influence of intoxicating liquor that in all probability it affected his ability to drive an automobile in a reasonably prudent and careful manner considering the condition of the highway at the time, and was a proximate cause of the collision. The jury would not have to conjecture, surmise or speculate in order to draw an inference that the condition of appellant was a contributing cause of such collision. We agree with appellant that it is very difficult, and at times impossible, to prevent an automobile from skidding on an icy pavement, or to control it when it is skidding. However, a trier of fact has a right to take into consideration the sobriety, or lack of it, of a driver of an automobile when there is an issue of negligence in a situation like the one presented by this record. A trier of fact may properly conclude that one affected by intoxicating liquor will not use as good judgment in the manner of his driving or take the precautions when driving on a slippery highway that one would who was possessed of all of his faculties. The issue of negligence and proximate cause by reason of the intoxication of appellant was properly submitted to the jury.

Two of the grounds of negligence set forth in the complaint were that appellant drove his automobile without paying proper attention to the other users of the highway, and that he drove it without keeping a proper lookout ahead. Appellant argues that there was no testimony given that he failed in any of these respects, and that to so find one must resort to conjecture and speculation.

Proof of facts warranting a conclusion that a driver of an automobile failed so to do in many cases must be of a circumstantial nature, and a jury may draw reasonable inferences therefrom. It is clear from the record that the collision occurred either because appellant negligently drove his automobile out of the two lanes he was entitled to use and into the others, or that the automobile got beyond his control by reason of the slippery condition of the highway and skidded over into the lanes used by northbound traffic.

In either event, appellant's lack of attention or lookout ahead with reference to traffic had nothing to do with what happened. However, the inclusion of these grounds of negligence in one of the instructions does not justify a reversal of the judgment and the granting of a new trial. The jury could not have been misled, because all of the evidence and reasonable inferences to be drawn therefrom pointed directly and solely to the manner in which the appellant's automobile got over into the northbound lanes of the highway.

In one of the instructions to the jury the court enumerated the several elements of damage which might be taken into consideration, one of them being "the effect of such injuries, if any, upon the plaintiff's nervous system." The complaint alleged that respondent received a deep laceration of his forehead and an injury to his right knee. The only connection made between the laceration and the nervous system of respondent was by the following testimony of one of the physician witnesses:

"Q And he had no concussion, did he, as far as you know? A He must have had some brain concussion from a blow hard enough to make that laceration and contusions about his head. Q It had no permanent effect, though? A No. Q And he fully recovered from that? A Yes. Q As a result of the scar he is not suffering at the present time as far as you know, is he? A I think not suffering, but possibly he is conscious of it and is bothered some by its presence. Q Of course, you wouldn't know about that, whether he is bothered or not, you wouldn't know, would you? A I guess not. He hasn't told me that he is bothered by it."

■ The element of injury to the nervous system should not have been included in the instruction on the subject of damages. It was without substantial support in the evidence. Although the part of the instruction making reference to the nervous system was qualified by the use of the words "if any," counsel was privileged to argue to the jury the probable effect of the head injury. We are unable to say that the inclusion of such item of damages in the instruction did not affect the amount of the award. If such was the

case, then the error was prejudicial. Our review of the record on the subject of damages inclines us to the view that the error was of sufficient gravity to warrant the granting of a new trial.

■ The only testimony given with reference to the item of hospital expenses was by respondent. He stated that he imagined the hospital bill was not over $35 or $40. This was not sufficient. Not only was the amount uncertain, but there was no proof of the reasonable value of the services rendered by the hospital. It was error to submit the question to the jury. *Carr v. Martin,* 35 Wn. (2d) 753, 215 P. (2d) 411. The court considered this item of damages, as well as medical care, had not been supported by adequate proof and reduced the verdict in the sum of $300, which respondent accepted. The hospital item was the only one to which exception was taken, but as a new trial is being granted this item of damage can again be considered.

■ The new trial we are directing to be granted shall be limited to the question of the injuries sustained by respondent and the amount of damages to be awarded. The negligence of appellant has been determined by a jury and respondent should not be required to again submit proof thereof. The evidence upon the issue of negligence had no relation to that of damages. The two issues were distinct and separable from each other. There is nothing in the record to indicate any passion or prejudice on the part of the jury in either determining the issue of negligence or the amount of the damages, nor that the amount of the latter was influenced by evidence submitted in proof of the former. No injustice will be done to appellants by limiting the trial to the issue of damages.

■ The rule is that courts have the authority to limit issues on a new trial in those cases where it clearly appears that the original issues were distinct and separate from each other and that justice does not require the resubmission of the whole case to the jury. *Auwarter v. Kroll,* 79 Wash. 179, 140 Pac. 326; *Cramer v. Bock,* 21 Wn. (2d) 13, 149 P. (2d) 525; *Gasoline Products Co. v. Champlin Refining Co.,*

283 U. S. 494, 75 L. Ed. 1188, 51 S. Ct. 513; *Lundblad v. Erickson,* 180 Minn. 185, 230 N. W. 473; *Simmons v. Fish,* 210 Mass. 563, 97 N. E. 102.

The part of the judgment fixing liability on appellants is affirmed. The part of the judgment awarding damages is reversed and the case is remanded for a new trial upon that issue. Neither party will recover costs or disbursements on this appeal.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.

