[No. 22774-0-III.  Division Three.  September 15, 2005.]

ROBERTO SOTELO LOPEZ ET AL., *Respondents*, v. ERENDIRA SALGADO-GUADARAMA ET AL., *Petitioners*.

*Patrick G. McMahon* and *David L. Force*, for petitioners.
*Scott M. Kane*, for respondents.

¶1 Brown, J. — A district court jury awarded Roberto Sotelo Lopez and his wife Luciana Contreras (collectively referred to as Mr. Lopez) economic damages arising from injuries sustained after an automobile accident caused by Erendira Salgado-Guadarama. The jury, however, did not award Mr. Lopez his noneconomic damages. The district court judge denied Mr. Lopez's request for additur, or in the alternative, a new trial and denied reconsideration. On appeal, the superior court judge reversed the district court judge. This court granted discretionary review to address whether evidence was sufficient at trial to sustain a verdict denying noneconomic damages. Because evidence supports the district court verdict, we reverse the superior court and reinstate the verdict.

## FACTS

¶2 Ms. Salgado-Guadarama's vehicle rear-ended Mr. Lopez's vehicle. A third driver behind Ms. Salgado-Guadarama rear-ended Ms. Salgado-Guadarama's vehicle, causing a second, minimal impact to Mr. Lopez's vehicle. William Skelton, Jr., Ph.D., an accident reconstructionist and expert for Mr. Lopez, opined Ms. Salgado-Guadarama was traveling approximately 5.8 miles per hour at impact. No physical damage was sustained. Mr. Lopez was taken to the hospital by ambulance due to shoulder pain. During trial, Mr. Lopez first testified he was carried to the ambulance, but later admitted he walked to the ambulance. At the hospital, Mr. Lopez's arm was restrained and he was released. Mr. Lopez lost three days of work. Thereafter, he received extended care from a chiropractor, orthopedist, and physical therapist.

¶3 In her defense, Ms. Salgado-Guadarama offered the testimony of Dr. Stephen Sears, an orthopedist who con-

ducted an independent medical examination of Mr. Lopez. He testified Mr. Lopez suffered a shoulder contusion, a minor injury not worthy of the extended medical treatment he received. The jury was instructed regarding the measure of damages and that "the burden of proving damages rests upon [Mr. Lopez]." Clerk's Papers (CP) at 369 (Instruction No. 20).

¶4 The jury found Ms. Salgado-Guadarama 75 percent at fault and the third driver 25 percent at fault. The jury awarded Mr. Lopez all his economic damages in the amount of $3,536.80 ($2,652.60 to be paid by Ms. Salgado-Guadarama). But, it denied Mr. Lopez's request for noneconomic damages for pain and suffering. Mr. Lopez requested additur or a new trial. The court denied his request and subsequent motion for reconsideration, finding Mr. Lopez "failed to sustain his burden in proving that the collision and injuries, if any, were of such consequence to award any damages for pain and suffering." CP at 324.

¶5 On appeal to the superior court, the court reversed the district court judge and remanded for a determination of additur or a new trial. Specifically, the superior court concluded the jury's verdict, providing for no noneconomic damages, was contrary to the evidence presented, "particularly where there was no evidence presented refuting the evidence of pain and suffering." CP at 22. This court granted Ms. Salgado-Guadarama's petition for discretionary review.

## ANALYSIS

¶6 The issue presented by Ms. Salgado-Guadarama is whether the superior court erred by reversing the district court's order denying Mr. Lopez's motion for additur or a new trial. However, RALJ 9.1 governs this court's review of a superior court's appellate decision reviewing a district court decision. *State v. Ford,* 110 Wn.2d 827, 829, 755 P.2d 806 (1988). The actual issue, then, is whether the district court committed any errors of law, accepting all factual

determinations that are supported by substantial evidence. RALJ 9.1(a), (b); *Ford*, 110 Wn.2d at 829-30.

¶7 Ms. Salgado-Guadarama contends Mr. Lopez failed to present sufficient evidence of pain and suffering; therefore, the jury properly denied his request for noneconomic damages.

¶8 Determining the amount of damages is within the province of the jury, and courts are reluctant to interfere with a jury's damage award. *Palmer v. Jensen*, 132 Wn.2d 193, 197, 937 P.2d 597 (1997) (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 329, 858 P.2d 1054 (1993)). But if the trial court finds the damages awarded by the jury are so inadequate as unmistakably to indicate that the amount must have resulted from the jury's passion or prejudice, no reasonable inference from the evidence justifies the verdict, or substantial justice has not been done then the trial court may enter an order providing for a new trial. CR 59(a)(5), (7), (9). Because denial of a motion for a new trial concludes the parties' rights, a much stronger showing of abuse of discretion will be required to set aside an order granting a new trial than an order denying one. *Palmer*, 132 Wn.2d at 197. Where sufficient evidence exists to support the verdict, a new trial should not be granted. *Id.* at 198.

¶9 Here, Mr. Lopez argues the jury's damage award was insufficient because the jury awarded only special damages, but no general damages. It is true "where the jury verdict approximates the amount of undisputed special damages and the injury and its cause is clear, the court has little hesitancy in granting a new trial." *Singleton v. Jimmerson*, 12 Wn. App. 203, 205, 529 P.2d 17 (1974). But "where the amount of special damages is disputed and the injury and its cause uncertain, the court has been reluctant to disturb the finding of a jury." *Id.* at 206. "Although there is no per se rule that general damages must be awarded to every plaintiff who sustains an injury, a plaintiff who substantiates her pain and suffering with evidence is entitled to general damages." *Palmer*, 132 Wn.2d at 201.

¶10 In *Palmer*, the court held the trial court abused its discretion in failing to order a new trial where the jury's damage award failed to compensate a plaintiff for her undisputed general damages. The court engaged in a two-part analysis. First, the court decided whether it could infer from the amount of the general verdict that the jury had awarded no damages for pain and suffering. *Palmer*, 132 Wn.2d at 199-201. The court concluded that the jury had awarded no general damages because "there was no legitimate controversy regarding special damages" and "the jury's verdict exactly equaled the plaintiffs' special damages." *Id.* at 201. Here, the jury returned a special verdict explicitly stating the jury was not awarding noneconomic damages. Accordingly, this first part of the *Palmer* analysis is not at issue in this case.

¶11 In the second part of its analysis, the *Palmer* court determined whether the jury's failure to award any damages for pain and suffering to a mother and son injured in an automobile accident was contrary to the evidence. *Id.* The court held the jury could reasonably deny damages for pain and suffering to the child plaintiff because, although the child's physician reported he was suffering pain to the back of the head after the accident, the child's injuries were minimal and he required virtually no medical care. The court held, however, that the jury's failure to award any damages to the mother for pain and suffering was contrary to the evidence, because she presented evidence of ongoing and serious pain after the accident. *Id.* at 202. The defendant in *Palmer* did not introduce any evidence disputing the mother's damages. *Id.* at 196.

¶12 Here, the jury's failure to award damages for pain and suffering was consistent with the evidence. In contrast to the facts presented in *Palmer*, the defense disputed every aspect of Mr. Lopez's damages. Defense experts testified no objective medical findings supported Mr. Lopez's extensive complaints of pain. Dr. Sears opined Mr. Lopez should have recovered from any injuries quickly after the accident.

¶13 As the jury was properly instructed in Instruction No. 20, the burden was on Mr. Lopez to establish pain and suffering to justify general damages. In awarding only economic damages, the jury obviously determined that Mr. Lopez failed to meet his burden. That conclusion is supported by the evidence presented at trial.

¶14 The jury was further instructed it should not base its damage award on "speculation, guess or conjecture." CP at 369. Given the evidence, the jury was entitled to conclude that the plaintiff incurred reasonable medical expenses as a result of the accident, while at the same time concluding he failed to carry his burden of proving general damages. *See Singleton*, 12 Wn. App. at 207 (noting special damages could have been awarded solely because accident caused plaintiff to incur expenses in order to find out whether she was in fact injured).

¶15 Additionally, Mr. Lopez's credibility was at issue. He originally testified he was carried to the ambulance, but when questioned regarding who carried him, he admitted he walked. He also had a difficult time remembering the details of the accident and how much time he took off work.

¶16 *Palmer* recognized there is no "per se rule that general damages must be awarded to every plaintiff who sustains an injury." *Palmer*, 132 Wn.2d at 201. Further, the holding in that case clearly gives juries a measure of discretion to decline to award damages for pain and suffering in cases where the pain is minimal or transitory. *Id.* at 202 (holding jury was justified in failing to award general damages to child who presented unchallenged evidence that he suffered minimal pain for a short period of time). Here, the evidence allowed the jury to conclude that any pain Mr. Lopez felt as a direct result of the accident was short-lived. Therefore, the jury's determination that Mr. Lopez did not carry his burden of proving that he suffered compensable pain was supported by sufficient evidence.

¶17 In sum, the district court correctly denied Mr. Lopez's request for additur or a new trial. The superior court on review does not have "the constitutional right to

substitute its evaluation and weighing of the evidence for that of a properly instructed jury." *Lewis River Golf, Inc. v. O.M. Scott & Sons*, 120 Wn.2d 712, 725, 845 P.2d 987 (1993) (citing *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 645, 771 P.2d 711, 780 P.2d 260 (1989)).

¶18 We reverse the superior court's decision and reinstate the district court's jury verdict.

KATO, C.J., and KURTZ, J., concur.

Review denied at 157 Wn.2d 1011 (2006).