IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RANDY L. BECHARD and<br>LINDA BECHARD, husband and wife, | )<br>) | No. 32462-1-III |
| | ) | |
| Respondents, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOYCE DALRYMPLE, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — After a jury awarded special damages, but no general damages, the trial court granted a new trial solely on the issue of general damages. We affirm the grant of a new trial, but reverse the special damage award and remand for a trial on all issues.

FACTS

This action arose from a July 19, 2007 accident in which defendant Joyce Dalrymple struck the passenger side of a vehicle driven by Linda Berchard in which her husband, plaintiff Randy Berchard, was riding as a passenger. Mr. Berchard felt a soreness in his neck, but initially did not seek medical treatment. He eventually saw a doctor eight days after the accident.

An action was filed in the Yakima County Superior Court three years later that eventually proceeded to a jury trial. Ms. Dalrymple admitted liability, but contested the

amount of damages and whether she proximately caused any injury. By the time of trial, Mr. Berchard had received medical treatment for neck and back pain at the cost of $57,545.40 and sought that amount in special damages.

The plaintiff testified that he had to make adjustments to his work schedule and curtail many activities he enjoyed, such as hunting, in response to the injuries. The defense examined other witnesses who testified that Mr. Berchard had not missed work and did not stop doing any activity he previously enjoyed. The plaintiff's medical expert testified that Mr. Berchard's condition would not improve and that his subjective report of symptoms was supported by objective findings relating to his back even though treating physicians had not reported any injury due to the collision. The defense medical expert found no structural indication of injury and suggested financial motivation might explain the reported pain. While the plaintiff's expert believed that all treatment to that point was appropriate, the defense expert did not agree that all of the treatment was necessary.

The jury was instructed regarding the burden of proof and the measure of damages. It returned an award for the entire special damages sought of $57,545.40 for past expenses for medical care and treatment, but awarded zero dollars for both future economic expenses and for past and future non-economic (general) damages. Mr. Berchard moved for a new trial or modification of the award. Ms. Dalrymple opposed the motions. By letter opinion, the court ordered a new trial on general damages instead

No. 32462-1-III
*Bechard v. Dalrymple*

of an additur. Ms. Dalrymple moved for reconsideration and also suggested an additur in the range of $25,000 to $35,000. The court heard argument and denied the motions, concluding that there was a period of time within which general damages should have been appropriate given the special damages verdict. A partial judgment in favor of Mr. Berchard for the special damages was entered along with the order granting a new trial on general damages.

Ms. Dalrymple then timely appealed to this court.

## ANALYSIS

Ms. Dalrymple contends that the trial court erred in granting a new trial and also erred by limiting the new trial to general damages only. We address those contentions in that order.

*New Trial*

The authority to grant a new trial is found in CR 59(a). In pertinent part, with reference to the two sections[1] relied upon by the trial court, the rule states:

> Such motion may be granted for any one of the following causes materially affecting the substantial rights of such parties:
>
> . . . .
>
> (7) There is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;
>
> . . . .
>
> (9) That substantial justice has not been done.

---

[1] Clerk's Papers (CP) at 80.

3

CR 59(a)(7), (9).

The decision to grant a new trial is reviewed for abuse of discretion, but a "much stronger showing of abuse of discretion will be required to set aside an order granting a new trial than an order denying one." *Palmer v. Jensen*, 132 Wn.2d 193, 197, 937 P.2d 597 (1997). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Although a jury's verdict can be countermanded by a trial judge, "courts are reluctant to interfere with a jury's damage award" because it is the jury's province to award damages. *Palmer*, 132 Wn.2d at 197. *Accord, Lopez v. Salgado-Guadarama*, 130 Wn. App. 87, 91, 122 P.3d 733 (2005), *review denied*, 157 Wn.2d 1011 (2006). Ms. Dalrymple argues that the jury's verdict was supported by the evidence and should have been upheld rather than set aside. She reasons that since she contested causation and the necessity of some (although not all) of the medical treatment and evaluation, the jury could have concluded that the accident caused the need for evaluation and treatment, but that Mr. Berchard had not established that he actually suffered any injuries.

While that is a plausible theory, and may well have justified affirming the jury's verdict, that was not how the trial judge saw the matter. We review the judge's new trial order rather than the jury verdict.

Ms. Dalrymple relies upon this court's decision in *Lopez*, a case where this court distinguished the *Palmer* decision relied on by the trial judge. In *Lopez*, a district court jury had awarded the plaintiff his special damages, but not his general damages, in an injury action also arising from an automobile accident. 130 Wn. App. at 90. The trial judge denied a motion for a new trial, but the superior court judge on appeal reversed the decision and directed that either a new trial be held or an additur awarded. *Id.* This court reversed and reinstated the jury's verdict, noting that the jury had clearly considered—and rejected—the request for general damages and that its determination was consistent with the evidence. *Id.* at 92-93. The plaintiff had failed to establish sufficient pain and suffering to justify a damage award. *Id.* at 93.

*Palmer* also involved an automobile accident. There the jury had returned one single general verdict in favor of the plaintiffs, but solely in the amount of the proven special damages. 132 Wn.2d at 195-196. The trial court denied a motion for a new trial and Division Two of this court affirmed. *Id.* at 196. The Washington Supreme Court reversed and ordered a new trial, reasoning that the fact of injury was not contested by the defendant and the defense had failed to present evidence suggesting any of the treatment was unnecessary; as an injury was substantiated, damages should have been awarded. *Id.* at 199, 201-202. Since the lack of a general damage award was not supported by the record, a new trial was required. *Id.* at 202-203.

5

*Lopez* supports Ms. Dalrymple, to a degree. Like this case, and unlike *Palmer*, *Lopez* also involved separate verdicts for general and special damages, a fact that suggests that the jury knew what it was doing when it returned its verdict. Given that the jury expressly rejected an award for general damages here, Ms. Dalrymple urges that we follow *Lopez* and conclude that the jury found Mr. Berchard's proof of injury insufficient. If this case were here on direct appeal from the jury verdict, we would agree with her and affirm that verdict without hesitation.

However, this case is not here on direct appeal from the verdict, but from an order granting a new trial, a fact that requires our review to focus on what the trial judge did instead of directly reviewing the jury's decision. Did the trial court have a tenable basis for setting aside the jury's verdict? We believe that the answer is yes.

Where an injury is proven by the weight of the evidence, general damages should follow from a jury verdict awarding special damages. *Palmer*, 132 Wn.2d at 201-203. Where the evidence does not support a determination that injury occurred, then an award of special damages does not require that general damages be awarded. *Lopez*, 130 Wn. App. at 92-93. That is the critical distinction between *Palmer* and *Lopez*. In the former case, the evidence of injury was solely in favor of the plaintiff, whereas in *Lopez* the evidence supported the defense view that no injury occurred.

Here, there was evidence that supported Mr. Berchard's view that he was injured. The case was not a strong one, however, and there also was evidence to support Ms.

Dalrymple's contention that no injury occurred. In our view, the trial court was permitted to credit the plaintiff's evidence and find that the jury's decisions on the special and general damages were inconsistent, thus justifying a new trial. CR 59(a)(7), (9). While we have noted that we likewise would have upheld the opposite decision, the trial judge here had a very tenable basis for concluding that the jury's decision was inconsistent with the evidence and, therefore it was appropriate to order a new trial.

The trial judge did not abuse his discretion in ordering a new trial.

*Scope of Damages at Retrial*

The second question presented here is influenced by the jury's view of the evidence and is controlled by a different section of the rule. This time, however, we reach a different conclusion from that drawn by the trial judge.

The question presented is whether the trial court properly maintained the special damages verdict while granting a new trial on the general damages. A different portion of CR 59(a) is at issue. The first sentence of that provision states:

> On the motion of the party aggrieved, a verdict may be vacated and a new trial granted to all or any of the parties, and on all issues, <u>or on some of the issues when such issues are clearly and fairly separable and distinct</u>, or any other decision or order may be vacated and reconsideration granted.

(Emphasis supplied).

These types of cases present the problem of determining whether the verdict was "rendered upon a portion of the litigation which was separate and distinct from other

7

issues; and, further, whether the limitation of the issues will work an injustice to any of the parties to the action." *Cramer v. Bock*, 21 Wn.2d 13, 18, 149 P.2d 525 (1944). *See*, *Nelson v. Fairfield*, 40 Wn.2d 496, 501, 244 P.2d 244 (1952); *Holt v. Nelson*, 11 Wn. App. 230, 243, 523 P.2d 211 (1974). If there is no indication of prejudice, a new trial on separable issues is proper. *Williamson v. Irwin*, 44 Wn.2d 373, 383, 267 P.2d 702 (1954).

We do not believe the two damage claims are properly separated here. Where issues are properly separable, they tend to involve discrete portions of the case that are distinct from each other such as liability and damages or a cross-claim to a complaint. *E.g.*, *Williamson*, 44 Wn.2d at 383 (verdict for plaintiff upheld, but new trial granted on defendant's cross-complaint alleging fraud); *Nelson*, 40 Wn.2d at 501-502 (negligence finding upheld, new trial solely on damages). In contrast, when competing claims address the same aspect of the case such as damages or liability, they generally are not separable claims. *E.g.*, *Cramer*, 21 Wn.2d at 16-18 (new trial for plaintiff on negligence issue required new trial on defendant's cross-complaint for negligence); *Holt*, 11 Wn. App. at 242-244 (new trial due to failure to instruct on informed consent required new trial on other theories of liability previously rejected by the jury). The issues of general and special damages are both subsets of the same category, damages, and do not appear separable in this case.

In addition to requiring separable and distinct claims, a limited retrial also must not be prejudicial to a party. *Williamson*, 44 Wn.2d at 383; *Cramer*, 21 Wn.2d at 18. We believe that a limited retrial would be prejudicial to Ms. Dalrymple. As noted previously, the evidence was close on the questions of whether Mr. Berchard was injured and what was the cause of any injury. Ms. Dalrymple contested those issues as well as whether some of the treatment provided Mr. Berchard was necessary. Treating the special damages as established would effectively tell the jury that Ms. Dalrymple had in fact injured Mr. Berchard even though that question had not been definitely determined by the original verdict. The jury may have found for Mr. Berchard on the injury and causation issues, and then erred in rejecting general damages, or the jury may have agreed with Ms. Dalrymple that she had not injured Mr. Berchard but that she had brought about a need for medical evaluation and the resulting medical expenses. The jury was free to view the evidence in either manner, but which of those views the jury took is not one that we can discern from the verdict. A retrial should fairly permit Ms. Dalrymple again to make her arguments. It would be prejudicial to the defense to limit the retrial to general damages.[2]

For both reasons, we conclude that limiting the retrial to general damages was error. The apparent inconsistency in the damage awards permitted the judge to order a

---

[2] *Holt* is instructive here as well. There, even though a jury had rejected the other theories of malpractice, the addition of the informed consent theory at the new trial required retrial on the original theories. 11 Wn. App. at 243-244.

new trial due to potential error. But, because the evidence also permitted the jury to return the verdict it apparently did, the trial judge was not permitted to take the issues of injury and causation away from the jury at a second trial.[3] At the next trial, the new jury may find for Mr. Berchard and return both general and special damages. Or the next jury may find for Ms. Dalrymple and return nothing. Or, perhaps, the next jury might return the same verdict. It is, however, the job of the jury to make those determinations.

The order granting a new trial is affirmed, the partial judgment in favor of Mr. Berchard is reversed, and the matter is remanded for trial on all issues.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Brown, A.C.J.

Lawrence-Berrey, J.

---

[3] It may be appropriate to use special interrogatories on these issues to avoid a confusing repeat verdict.